No. 3.—SETH K. TAYLOR, executor, &c. plaintiff in error, *vs.* WILLIAM P. HOLLAND and another, defendants.

[1.] A plaintiff obtained a rule *nisi* calling upon the defendants to show cause why certain copy papers, and among them a copy bail bond, should not be established in lieu of certain ones alleged to have been lost. The defendant, who was alleged to be the bail, in answer to the rule, denied that he had ever made such a bond. The plaintiff replied that he had made such a one. The Jury found for the defendant. The plaintiff asked leave to appeal. The Court refused leave: *Held*, that this was an error in the Court.

[2.] After the said refusal of the Court and exception thereto, the party excepting moved for a new trial; and as to one of the defendants in the motion, the Court made the rule absolute, and made it *nisi* as to the other: *Held*, that the party excepting did not, by these proceedings subsequent to his exception, lose the benefit of the exception.

Motion, in Jones Superior Court. Decision by Judge HARDEMAN, April Term, 1856.

Taylor, ex'r, &c. *vs.* Holland and another.

This was an application to establish a copy of a lost writ process, bail bond, &c. on which an issue had been formed, and a general verdict found for the defendant. Counsel then moved the Court for liberty to enter an appeal from this verdict. This motion was refused, and this refusal is the error assigned.

STUBBS & HILL, for plaintiff in error.

BARTLETT; POE & GRIER, for defendants.

*By the Court.*—BENNING, J. delivering the opinion.

The bill of exceptions in this case, presents but this single question: Whether an appeal lies from a verdict found on an issue in a proceeding under the sixth section of the Judiciary Act of 1799, to establish lost papers?

It has been laid down by this Court, that an appeal lies, in general, in every case in which a statute gives a Jury trial—the twenty-sixth rule of Court to the contrary, notwithstanding. (4 *Ga.* 395.)

Does any statute give a Jury trial, in a proceeding such as the present? The closing words of the said sixth section of the Act of 1799, are as follows: "And the said Courts, respectively, shall have power and authority to establish copies of lost papers, deeds or other writings, under such rules and precautions as are, or may have been customary, and according to law and equity."

The main copy paper sought to be established in this case, was the bail bond.

The proceeding by which it was sought to establish that copy paper, was a motion, or rule *nisi*, at the instance of the plaintiff against the alleged bail, or the alleged bail and the principal.

To that proceeding the alleged bail answered, in effect, that he had not made any such bond.

On this answer the plaintiff took issue, and the Jury found it against him.

And from that finding, the Court refused to allow an appeal.

The question is, do the words aforesaid of the sixth section of the Judiciary Act of 1799, give an appeal from such a finding? Do they give the right to a Jury trial?

These words say, as we have seen, that the work of establishing a copy paper, is to be accomplished "under such rules and precautions as are, or may have been customary, and according to law and equity."

Suppose a bill had been filed to establish this bail bond, and the defendant had put in an answer denying the execution of the bond, and the complainant had replied, controverting the answer, would not the case have been one for a Jury? There cannot be a doubt of it. But every case in Equity that is a case for a Jury, is a case for an appeal—is a case in which the party losing the verdict may, as matter of right, appeal.

But if the right of appeal would exist in the proceeding, if that had been in Equity, it exists in the proceeding as it is, it being a proceeding under the said section of the Judiciary Act. That is the plain import of the words of the section.

[1.] We think, therefore, that the Court erred in refusing to the plaintiff leave to appeal. Can there be a more important question to either of the parties to this issue, than the question, whether or not there was ever any bail bond in the case? If, then, it were doubtful whether the law gave an appeal on the question or not, expediency, the reason on which the law of appeal rests, would say, allow the appeal.

A preliminary question was made in this case.

It seems that after the refusal of the Court to allow the plaintiff to appeal, the plaintiff moved for a new trial; and that on that motion, the Court granted a rule absolute for a new trial as to the principal, and a rule *nisi* as to the bail.

The defendant's preliminary question was, whether the plaintiff had not, by means of these proceedings, occurring

subsequent to the judgment disallowing an appeal, lost his right to a writ of error on that judgment.

[2.] We think not. We think that he would have lost the right, if the rule for a new trial had been made absolute against *both* of the defendants in it; because, a new trial is the same, in effect, as an appeal trial. But it was made absolute against one only of the defendants; and there was no certainty that it ever would have been made absolute against the other.

As for the rest, a party is not to be held, on slight grounds, to *waive* his statutory rights. The statute organizing this Court, gives a writ of error on every judgment of the Superior Court. In this case, the party excepted to the refusal to allow an appeal. This was a claiming of his right to a writ of error. His subsequent motion for a new trial may be easily accounted for, consistently with a purpose on his part not to abandon his right to a writ of error, unless he should succeed in that motion.

The effect of the judgment of this Court allowing the appeal, will be to annul the proceedings in the Court below, occurring subsequent to the refusal of the appeal by that Court—a kind of a thing which often happens when a writ of error is not accompanied by a *supersedeas*—and is sustained by this Court.