## FULLER *vs.* THE CITY OF ATLANTA.

1. We find no error in the manner in which the judge stated the issue to the jury.
2. The power granted by charter to a municipal corporation to raise or alter the grades of streets involves a legislative act. After this has taken place, the mere construction of the work is ministerial.

Fuller *vs.* The City of Atlanta.

3. A municipal corporation, acting under authority legally conferred to grade streets, is not liable for injuries done to the property of an adjacent owner, provided it exercised reasonable care and skill in the performance of the work, in the absence of any special provision of the charter as to liability.

4. Stoppage of the mouth of a sewer, and damage resulting therefrom, if it occurred in connection with, and pending the grading of a street, would be a proper item of damage in a suit against the municipal corporation for improper grading, but if at a later and different time the city negligently permitted the mouth of the sewer to be obstructed, it would be a separate cause of action.

5. We see no improper presentation of the law in connection with the amendment·made in this case; nor does it appear that further instructions on that subject were asked.

6. An assignment of error that the whole charge was erroneous will not be sustained, unless it should appear to be wholly illegal and wrong.

7. Though the language of the judge in charging what damages were too remote to warrant a recovery was inaccurate, a new trial would necessarily result in a like verdict under the evidence.

Municipal corporations. Damages. Charge of Court. Roads and bridges. Practice in the Supreme Court. New Trial. Before W. R. HAMMOND, Esq , Judge *pro hac vice*. Fulton Superior Court. March Term, 1880.

To the report contained in the decision it is only necessary to add the first and seventh grounds of the motion for new trial, which were as follows:

(1.) Because the court erred in charging the jury in this: "He (meaning the plaintiff) says he was owner of a certain piece of real estate in the city of Atlanta, on Marietta·and Walton streets, and that the city of Atlanta, by its agents and officers, has injured that property by causing an overflow of water upon it so as to weaken the foundation and cause its partial destruction." The same not being a correct statement of the issue.

(7.) Because the court erred in failing in his charge to properly present the issues presented by plaintiff in his amendment to his declaration, filed on 20th of April,

1880, and in stating the plaintiff's case as though said amendment had not been filed. [The amendment referred to related to the filling up of the sewer which drained the property, the failure to supply other sufficient drainage, and allowing the sewer, which was made, to become obstructed. The court charged, among other things, as follows: "The city council has a right to exercise their discretion in altering or changing sewers, and if it is done with reasonable care and in the proper manner, they would not be liable for any damage caused thereby. If done, however, carelessly and negligently, and injury resulted, they would be liable to the extent of the damage caused by such injury."]

W. J. SPEAIRS; HENRY HILLYER, for plaintiff in error.

W. T. NEWMAN, for defendant.

CRAWFORD, Justice.

Wm. A. Fuller brought suit against the city of Atlanta for damages alleged to have been sustained by reason of the raising of the grade of its streets twenty inches higher than that recognised in all the anterior surveys up to the time of the building of his house by the plaintiff. The testimony shows, however, that there was no provision by law to regulate, fix and establish a permanent grade so as to limit the city to that particular grade, until after the location and building by the plaintiff of the house alleged to have been damaged.

By amendment the plaintiff alleged that in making the change of the grade, the sewer, draining plaintiff's lot, was wrongfully filled up, and obstructed the water collecting on adjoining lots, and caused it to back up into the basement of plaintiff's house, thereby damaging him $1,000.00. And that by the unskilful raising of the grades on the streets, the gutters were filled up which carried off the surface water, and caused a pond to collect

and throw the water into his house, and thereby made necessary the removal of a part of his building, to his damage $1,500.00, diminishing his rents, also, the sum of $1,500.00.

By further amendment, plaintiff alleged that defendant began this work in 1870, and finished it in 1871, and that in said work filled the sewer that drained plaintiff's lot, and furnished no sufficient one for that purpose, and allowed that one which was put in to become obstructed and filled up to the further damage of plaintiff $1,500.00.

Under the evidence and charge of the court the jury returned a verdict for the defendant, whereupon the plaintiff moved for a new trial, which being refused, he excepted.

1. The first ground of error assigned is, that the issue was not correctly stated to the jury. We do not appreciate this objection to the manner in which the judge stated the case made by the pleadings and proof to the jury.

2. Because the court erred in charging that "under this grant they had authority to raise or alter the grade of the streets in any manner and to any extent that they deem proper. The exercise of this authority was what the law calls a judicial act, and the city could not be held responsible for any errors in judgment that may have been committed by its chosen officers in the exercise of such judicial functions. If the city raised or altered the grade of the streets contiguous to the plaintiff's property, as alleged in the declaration, and if they exercised reasonable care in doing so, and if, notwithstanding the exercise of such reasonable care, the plaintiff's property was injured and damaged by reason of such altering of the grade of the streets as alleged, the city would not be liable for the injury caused."

The objection urged against this charge is, that the judge erred in saying that the authority to raise or alter the grade of the streets was a *judicial* act. We think

there is no question but the judge laid down the law correctly. Such a power granted to a municipal corporation is to be exercised under its legislative discretion, and when it has been resolved upon, the *construction* of the work only is *ministerial.*

3. The third and fourth grounds may be considered together, as they involve almost the identical legal principle, which is, that "if in raising or altering the grade of the streets they exercised reasonable care, and did it in a proper manner, the city would not be liable for any damages that resulted from this cause."

If any principle of law could be settled, it would seem that the doctrine that a municipal corporation, acting under authority legally conferred, to grade the streets, was not liable for injuries done to the property of an adjacent land-owner, provided it exercised reasonable care and skill in the performance of the work. Of course, if there were a charter liability, that would change the rule; but in its absence, none exists, and we did not understand counsel for the plaintiff in error to insist that this case fell within the act of 1871 providing for a permanent grade and damages for a subsequent change.

4. The sixth ground arises upon the instructions given the jury in reference to the *obstruction* of the sewer pending the work, and whereby the plaintiff was also damaged.

This element of complaint in the case was introduced by an amendment, and which was virtually excluded from the consideration of the jury, as alleged by counsel for the plaintiff in error, when the judge came to charge them upon that branch of the case, and the same is assigned as error.

We think that the charge puts the law upon this issue without injustice or want of fairness to the plaintiff in error. The judge said, that if afterwards, and at a different time from that alleged in the declaration when the grading was done, the city negligently permitted the mouth of the sewer to be obstructed so as to injure the

plaintiff, that would be a separate cause of action. But if it occurred during the time of the grading or altering the grade of the street, and before it was finished, then it would be a proper subject for their consideration under the same rules of liability on the part of the defendant as already explained to them.

· This charge does not take away from the jury the consideration of the damages under the amendment, unless the facts in the testimony do, and is, therefore, not error.

5. The seventh ground of error alleged is, that the court did not properly present the issues made by the plaintiff under his amendment of April, 1880. In looking into the judge's charge we do not observe any want of a ·proper presentation of the law arising upon the amendment, nor does it appear that any other or further presentation was asked or refused by the judge.

6. To assign error on a· charge because it "is generally, and it is entirely erroneous and illegal," is too vague and indefinite to be considered, except it should, upon examination, be found wholly illegal and erroneous.

7. We have left the fifth ground to be considered last, as it was, perhaps, the most proper place for it to be disposed of.

The error complained of is, that the judge charged the jury—"if they should find that the closing up or the removing of the sewer, contributed to the injury of the plaintiff's property, and that this was done so carelessly and negligently as to make the city liable for any damage caused thereby, but that other and contingent circumstances, about which the defendant was not to blame, contributed largely in causing the injurious effect, such damage would be too remote to be a basis of a recovery."

The object of this part of the judge's charge was to inform the jury, that damages which are sometimes sustained, are too remote to entitle the party suing to a recovery from the defendant in the action. In illustrating this legal principle, instead of saying—"if other and

contingent circumstances *preponderate* largely in causing the injurious effect, such would be too remote," he said, if they "*contributed* largely" in causing it, then it would be too remote.

We think that in presenting this legal rule he should have used the words of the Code as set forth in §3072, and interpreted in 54 *Ga*., 84, for in a case *controlled* by that act, it would be of infinite importance to the complaining party that his precise legal right should be clearly defined. In this case, however, the proof, which we have carefully examined, shows that all the damage sustained by the plaintiff, was the result of his building his house before · a *permanent* water-grade had been determined upon by the city, and before the act was passed giving damages for the change thereof.

Since then, under the facts as shown by the record, and the clear and satisfactory charge given by the court, except as above stated, the jury must return a similar verdict, even with the inaccuracy of language corrected, we hold it improper to disturb their finding.

Judgment affirmed.