16686.   CITY OF GRIFFIN *v.* GRIFFIN CHERO COLA BOTTLING CO.

STEPHENS, J.   1. A municipal corporation does not, when supplying water to its inhabitants for compensation, act in its governmental capacity, but in so doing acts in a private capacity and is liable to a consumer for damages growing out of its negligent performance of its contract. Keever *v.* Mankato, 113 Minn. 55 (129 N. W. 158, Ann. Cas. 1012A, 216, 33 L. R. A. (N. S.) 339); Oakes Mfg. Co. *v.* New York, 206 N. Y. 221 (99 N. E. 540, 42 L. R. A. (N. S.) 286), and cit.; 19 R. C. L. 1130.

2. Where a municipal corporation supplies water under contract to a private customer for a consideration, with knowledge that the customer is engaged in the business of selling for a profit bottled drinks which the customer manufactures by mixing various syrups with the water furnished it by the municipal corporation, and where the municipal corporation has previously put chloride of lime in the water for hygienic purposes, with knowledge that the presence of the chloride of lime would render unpalatable the drinks manufactured out of the water by the customer, an inference is authorized that the municipal corporation is negligent in not informing the customer of the existence of the chloride of lime in the water; and where the customer, without knowledge on its part of the unpalatable condition of the water furnished it by the municipal corporation, and without being able to discover this condition by due diligence, uses this water in combination with its syrups in the manufacture of drinks, which drinks by reason of the presence of the chloride of lime in the water are unpalatable and unsalable, the municipal corporation is liable to the customer for the damage thus sustained.

3. This being a suit by such a customer against the municipal corporation to recover for such damage, the petition set out a cause of action and the court did not err in overruling the demurrer thereto.

4. The evidence authorized the verdict finding the defendant liable to the plaintiff, and there being no exception by the defendant to the amount of the verdict, the verdict will not be set aside upon the ground that it is not supported by the evidence.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 29, 1926.

Damages; from Spalding superior court—Judge Searcy. June 12, 1925.

*Cleveland & Goodrich,* for plaintiff in error.

*Beck & Beck,* contra.