## SNEAD *v.* THE STATE.

No. 6504.   November 14, 1928.

*Boykin & Boykin, S. Holderness, Betty Cobb, H. C. Strickland,* and *Smith & Millican,* for plaintiff in error.

*W. Y. Atkinson, solicitor-general,* and *Graham Wright,* contra.

RUSSELL, C. J. In the first question propounded by the Court of Appeals instruction is asked as to whether a person related within the prohibited degrees to a depositor in an insolvent bank is disqualified to act as a juror; and our attention is directed to the *Fordham* case, 148 *Ga.* 758 (3) (98 S. E. 267), in connection with the decisions of the Court of Appeals in the cases of *Griffin* v. *State,* 18 *Ga. App.* 402 (4) (89 S. E. 625), *Stapleton* v. *State,* 19 *Ga. App.* 36 (14) (90 S. E. 1029), and *Spence* v. *State,* 20 *Ga. App.* 61 (2) (92 S. E. 555), with a request that this court review and reconsider the ruling in the *Fordham* case that "a juror who is related within the prohibited degrees to a stockholder or depositor in the insolvent bank is disqualified." A juror must be free from any bias or prejudice, and, to use the language of Mr. Justice Hall in *Beall* v. *Clark,* 71 *Ga.* 818, 849, "should be above suspicion. Omni exceptione majores." It is a matter of common knowledge that depositors who lose their money in an insolvent bank are affected with far more prejudice than are the stockholders, although the latter may be subject to an assessment of one hundred per cent. upon the par value of their stock. For this reason depositors can not be held to be absolutely impartial or free from bias. As was said in *Cambron* v. *State,* 164 *Ga.* 111, 114 (137 S. E. 780), quoting from *Temples* v. *Central of Ga. Ry. Co.,* 15 *Ga. App.* 115, 119 (82 S. E. 777), "When, according to universal human experience, the inherent probabilities of the circumstances by which the juror is environed and to the influence

of which he is to be subjected compel the conclusion, in accord with the court's judicial knowledge, that the juror will naturally be affected by his interest, it can not be held, as a matter of law, that the juror will contribute to, or is qualified to sit in, an impartial trial as guaranteed by the constitution; certainly not if the requirement that jurors be omni exceptione majores extends to debar jurors when there is a suspicion or ground for suspicion, as has several times been held by the Supreme Court. In the interest of fair trial, if error is to be committed, let it be in favor of the absolute impartiality and purity of the jurors, rather than in a too-technical observance of the letter of cases previously adjudicated and an attempt to bring the facts of other cases within some particular ruling."

The *Griffin, Stapleton,* and *Spence* cases, supra, were decided by the Court of Appeals prior to the decision by this court in the *Fordham* case, and these rulings were doubtless considered by this court in arriving at its decision in the *Fordham* case. While the ruling in the *Griffin* case, that "One who is related within the prohibited degrees to a mere depositor of a bank is not incompetent to sit as a juror upon the trial of the president of the bank on the charge of violating section 204 of the Penal Code," was followed in the *Stapleton* and *Spence* cases, as we are of the opinion that the decision in the *Fordham* case states the better rule in such cases, the prior decisions of the Court of Appeals must yield to the decision of this court in the *Fordham* case. In view of what we have said, the first question of the Court of Appeals must be answered in the affirmative; and we adhere to the ruling in the *Fordham* case, that a juror who is related within the prohibited degrees to a stockholder or depositor in an insolvent bank is disqualified from serving in the trial of any of the offenses named in the banking act of 1919 (Ga. L. 1919, p. 219).

It appears from the second question of the Court of Appeals that the "Baptist Association" consisting of the Baptist churches of Carroll County, was a depositor in the insolvent bank. This raised the question as to whether members of a Baptist church in Carroll County were disqualified as jurors. The defendant in open court waived such disqualification, if it existed, as to any and all of the panel put upon him. The names of the individual depositors in the bank were read in the hearing of the jurors, and they were

asked if they were related to said depositors. Thereafter, as the jurors were separately called, J. A. Pearce stated that he was disqualified because he was a member of the Baptist church, but was otherwise qualified. Thereupon the court stated that the juror's disqualification as a member of the Baptist church had been waived. Pearce was then accepted by both sides as a juror. The question of the Court of Appeals is whether, under these circumstances, the lower court erred in holding that the defendant had waived all other disqualification, in overruling a ground of a motion for new trial in which it was disclosed that Pearce was related within the prohibited degrees to two or three of the depositors in the insolvent bank, which fact was unknown to the defendant or his counsel until after the trial.

We are of the opinion that the trial judge erred in holding that the defendant had waived all disqualification as to the jurors in the case, or any particular juror as a member of the panel, merely because he had waived any disqualification which might arise by the juror being a member of the Baptist church. Because one might waive one ground of objection to a particular juror by reason of his conviction that that ground of disqualification would not affect the particular person under consideration in the least, non constat that he would accept the juror if he knew of the existence of other facts which might have a controlling influence on the proposed juror. Cases can be imagined where a juror would be accepted, although very closely related by blood to a party in the cause, if the person waiving the relationship knew that he was extremely hostile to his kinsman; whereas if he knew of any relationship existing between the proposed juror and another person in the county, with whom he was upon remarkably friendly terms, he would reject him if such kinsman had any interest whatever in the litigation. According to the question asked by the Court of Appeals, neither the movant nor his counsel had any knowledge of the relationship of the proposed juror to the persons disclosed on the motion for a new trial as being disqualified by relationship. This raises an entirely different question from that before the trial court at the time of the defendant's waiver. Whatever might have been the defendant's course at that time, he did not have an opportunity to make a selection or exercise his option as to the relationship now disclosed. Any waiver of rights must be strictly construed. It is

a voluntary surrender of such rights as are known and included within the specific waiver. It must be voluntary, and waiver can not arise as to any matter of which the person waiving the right is ignorant. This is the statement of a universal principle everywhere generally recognized. See *Kennedy* v. *Manry, 6 Ga. App.* 816 (66 S. E. 29). A specific waiver as to a particular point can not be extended into a general waiver of disqualification as to a juror, so as to waive all disqualification on the part of that particular juror. In the case now before us, from the statement of facts in the question of the Court of Appeals, it is apparent that the interest of the juror Pearce as a member of the Baptist church was more eleemosynary and charitable than beneficial to the juror himself. As a general rule, church collections are not divided among the members, but are paid by the contributors for church purposes. In the fund thus collected and deposited in the bank the church had no interest whatever except a desire to further the work of the church. The defendant might be perfectly willing to trust the conscience of the juror in such circumstances, if he had no other interest than that referred to. An altogether different case would be presented if the juror had a son who was a depositor and probably stood to lose several hundred dollars deposited in the bank by reason of its failure. In such a case his merely altruistic sentiments would be supplanted by paternal solicitude for the welfare of his offspring, and perhaps greater feelings of resentment would exist in his mind than if the lost deposit had been his own property.

It is suggested in the brief of counsel for the State that "it appears that the defendant in this case knew that the juror was disqualified by reason of the fact that he was related to a depositor." The question of the Court of Appeals shows that the defendant did not know that the juror was disqualified by reason of the fact that he was related to any depositor. From the question asked by the Court of Appeals it does plainly appear that he only waived any disqualification, if there was any, arising out of the fact that the juror was presumably a member of the Carroll County "Baptist Association" by reason of being a member of a Baptist church in Carroll County, and that the Carroll "Baptist Association" was a depositor in the bank. This is the only waiver made, so far as appears from the question of the Court of Appeals. The question

can not be broadened so as to include anything without and beyond its express terms.　　　　　　　　　*All the Justices concur.*