19547. CITY OF ROME *v.* JUSTICE.

DECIDED JULY 13, 1929.

*Wright, Wright & Covington, Leon Covington,* for plaintiff in error.

*Porter & Mebane,* contra.

BELL, J. M. J. Justice brought a suit for personal injuries against the City of Rome. The defendant's general and special demurrer to the petition was overruled, and the defendant excepted.

The petition alleged that on July 21, 1928, the plaintiff was riding in a wagon on the right-hand side of a certain road at a point designated, when a negro employee of the defendant municipality,

who was driving a truck, overtook the plaintiff and negligently and carelessly ran the truck into and against the left rear portion of the plaintiff's wagon, knocking the plaintiff out of the wagon and causing him to sustain described injuries.

The City of Rome owned and operated a system of waterworks whereby it furnished water to the residents of the city for domestic and commercial purposes. The city owned and operated the truck which struck the plaintiff's wagon, and used the truck in connection with its waterworks department, and it was being so used at the time of the transaction complained of. The employee who was then and there driving the truck was at the time "acting within the prosecution of his business and scope of his employment for the City of Rome." He had been to a point in West Rome for the purpose of cutting off the water from a customer, and was returning from the discharge of his duties, and was on his way to East Rome for a like purpose,—that is, of cutting off the water from a customer who had neglected to pay his water rent. The names of the employee and each of such customers were to the plaintiff unknown. The nature and extent of the plaintiff's injuries were duly set forth, as were also his prior earnings and the alleged diminution in his earning capacity resulting from his injuries. More than thirty days before the filing of the suit the plaintiff presented his claim in writing to the governing body of the city for adjustment, as required by law, and a copy of the claim was attached to the petition.

The grounds of the special demurrer were, that the petition did not state the name of the defendant's employee, nor allege such facts as to identify him, and did not give such a description of the truck as would enable the defendant to ascertain whether or not "it was a truck belonging to the defendant municipality"; and that the allegation, "Said employee of the City of Rome, who was driving said truck negligently and carelessly, ran said truck into and against the left rear part of said wagon in which your petitioner was riding," was too vague, general, and indefinite as a charge of negligence, in that it failed to state in what manner and in what respect the employee was driving the truck negligently and carelessly, or what were the alleged acts of negligence and carelessness.

Under the authorities referred to in the headnotes, the petition

set forth a cause of action and was not subject to any ground of the demurrer, general or special.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*