## 24384. CITY OF ATLANTA v. BLACKMON.

JENKINS, P. J. 1. "Under the rule in force in this State, a municipality, in maintaining and operating a system of waterworks whereby it furnishes water to its residents for domestic and commercial purposes, is engaged in a private, non-governmental business, and is liable to one injured by the negligence of an employee acting within the scope of his employment in connection with such business." *City of Rome* v. *Justice*, 40 Ga. App. 196 (149 S. E. 88); *City of Griffin* v. *Griffin Chero-Cola Bottling Co.*, 35 Ga. App. 779 (134 S. E. 812); *Huey* v. *Atlanta*, 8 Ga. App. 597 (70 S. E. 71). The verdict against the city for $125, in this action for $350 damages for injury to an automobile, was authorized, under the conflicting evidence as to the negligence of the driver of a city truck, which was used in the maintenance of its waterworks system.

2. "While the vendor of personalty who has retained the title thereto to secure payment of the purchase-money has the right, in the event of injury to the property, to maintain an action for the tort, provided the damages claimed do not exceed the balance of the purchase-price, the conditional vendee, where he is in legal possession of the property under the conditional-sale contract, may sue for the entire damage to the property, holding the recovery, if any, for the use and benefit of himself and the holder of the legal title, according to their respective interests in the property." *Ellis Motor Co.* v. *Hancock*, 38 *Ga. App.* 788 (145 S. E. 518). It being immaterial, under this rule, whether the plaintiff, suing for an injury to an automobile, had absolute ownership or was in possession merely as a conditional vendee, and what the specific terms of the conditional-sale contract may have been, if the plaintiff was in possession either as absolute owner or conditional vendee, the court did not err in admitting in evidence a written memorandum of sale from the dealer to the plaintiff, indicating the amount and general terms of the purchase and the credit to the purchaser, over the objection that the memorandum was inadmissible without the entire conditional-sale contract. Nor was there any prejudicial error in admitting oral testimony from the plaintiff as to his purchase of the car from an automobile dealer under a written contract of conditional sale and partial payment for the same, where his possession was undisputed, and he was allowed to testify elsewhere without objection that the automobile was "my car," that "I had had it around four months," and that "I made the payments to" the automobile dealer.

3. It was not error to admit oral testimony that there were no stop signs at the streets on the intersection when and where the collision occurred, over the objection that a boulevard and traffic stop could be created only by an ordinance and the erection of a stop-sign, and that the ordinance itself would be the highest and best evidence; since this testimony was merely as to the non-existence of any stop-sign, without attempting to show the contents of an ordinance. Moreover, the plaintiff had the right to controvert the specific averments in the 12th, 13th, and other paragraphs of the answer that there was a stop sign at one of the streets.

4. The court did not err in refusing to grant the motion of the defendant for a mistrial, upon the ground that the jury were highly prejudiced by the statement of counsel for the plaintiff, "We tender in evidence certified copy of the conviction of [the defendant's driver] for reckless driving . . in the recorder's court of the City of Atlanta." Irrespective of whether or not such evidence was admissible (see *Hardeman* v. *Ga. Power Co.*, 42 *Ga. App.* 435, 156 S. E. 642; *Douglas* v. *Central of Ga. Ry. Co.*, 48 *Ga. App.* 427, 172 S. E. 828), the court not only excluded this documentary evidence of the conviction, but clearly and emphatically instructed the jury to disregard it and also the statements of counsel. The offer to submit such evidence does not properly come within the provisions of the Code of 1933, § 81-1009.

5. There is no merit in the ground that the court erred in failing to read the allegations in paragraph 6 of the answer, setting forth the alleged respective speeds and actions of the plaintiff and the driver of the de-

fendant just prior to the collision. It appears that, not only were the jury told that the pleadings would go out to the jury room with them, where they could examine them, but all the essential contentions of the defendant set forth in paragraph 6 were fully and fairly stated elsewhere in the charge.

6. The special ground complaining of the instruction as to the rule of comparative negligence, in that two distinct rules of law were stated in immediate connection and without proper explanation, thus misleading and confusing the jury, is insufficient for consideration. The language excepted to contained only one rule of law, and it does not appear what other part of the charge is complained of as stating a different and confusing rule.

7. The court properly instructed the jury as to the measure of damages with reference to the market value. Even if the term "market value" were not of such well defined ordinary use and meaning as would require no elaboration or statement of its legal definition, the court did not err in failing to give such an instruction, in the absence of any written request. See *Holmes* v. *Clisby*, 121 *Ga.* 241 (7) (48 S. E. 934, 104 Am. St. R. 103) ; *Savannah Electric Co.* v. *Bennett*, 130 *Ga.* 597 (61 S. E. 529) ; *L. & N. R. Co.* v. *Trout*, 141 *Ga.* 121 (80 S. E. 622).

8. There being no merit in any of the special grounds of the motion for a new trial, the court properly denied a new trial to the defendant.

*Judgment affirmed.* *Stephens and Sutton, JJ., concur.*

DECIDED APRIL 22, 1935.

*J. L. Mayson, C. S. Winn, J. C. Savage,* for plaintiff in error.
*Roberts & Nall, Wilbur B. Nall,* contra.