CITY OF ROME *v.* BROWN.

No. 11542. MARCH 10, 1937.

*W. B. Mebane* and *Maddox, Matthews & Owens,* for plaintiff in error.

*Maddox & Griffin,* contra.

BECK, Presiding Justice. A. D. Brown, after furnishing the City of Rome with the required statutory notice of his claim, filed his action for damages against said municipality, alleging

that he was the owner of a certain house and lot in said city, fronting 50 feet on East 12th Street; that during the fall of 1931 and winter of 1932 the defendant, acting by and through its duly authorized agents and employees, the Minge Construction Company, raised the street and sidewalk in front of the plaintiff's property about fourteen inches, "thus forming a dam, so that water falling on said property and running thereon in its natural course can not escape and drain therefrom but is caused to stand and pond;" that before this, the water did not pond on plaintiff's property, but drained off into a ditch, but now, after a rain, the water stands for days on his lot and until it sinks into the ground, thus causing the ground to be wet and damp at all times except in "extreme dry weather;" that as a result of the water so standing on this property, the sills and floors of a house located there have rotted out, and it has become necessary to replace the sills and floor to the back porch thereof at a cost of $20, and it is necessary that the sills and floor to the remainder of the house be replaced, which will cost $100; that water so standing and ponding on plaintiff's lot has caused mosquitoes to breed and two of his children to become sick, as set out; that the defendant was negligent in raising the street and sidewalk without putting in drains to take care of the water and prevent it from so standing and ponding on plaintiff's lot, which "is a continuing nuisance for which the defendant is liable;" that before the acts complained of, the plaintiff's property had a reasonable market value of $1200, but now its reasonable market value does not exceed $900; that by reason of the foregoing facts the defendant has damaged the plaintiff in the sum of $400. The municipality filed its general demurrer to the petition, and to a judgment overruling the same it excepted and carried the case to the Court of Appeals, where the judgment of the trial court was affirmed.

The Court of Appeals properly held that the plaintiff's petition, both on the question of negligence and on the question of a nuisance, presented a matter for determination by a jury, and that the judge properly overruled the general demurrer. The plaintiff alleged ownership of the land in question, and there was no special demurrer because of a failure to allege that he was the owner at the time the acts complained of were committed. The court properly held as follows: "When a municipality in con-

structing a public improvement, so obstructs the natural flow of surface-water as to cause the water to pond on the land of an abutting owner, and the city provides no means of outlet for such water, it becomes liable to the property owner for any damages occasioned to his property thereby. Also, if the ponding of such water on private property constitutes a nuisance which the city fails to abate, the municipality may be held liable. The plaintiff charges that the city was negligent in raising the street and sidewalk above the level of his lot, thus causing surface-water to accumulate and pond upon his property, without providing any drain or outlet to take care of such accumulated water. The raising of the street and sidewalk by the city in front of the plaintiff's property, thereby damming up the surface-water and causing it to pond thereon, which but for said obstruction would flow off plaintiff's property, without providing any outlet for such surface-water, was negligence on the part of the municipality and would render it liable for damages to adjacent property caused by the water overflowing and ponding thereon." And the authorities cited by the court sustain this statement of the law applicable to the issues made. In *Mayor &c. of Brunswick* v. *Tucker,* 103 *Ga.* 233 (29 S. E. 701, 68 Am. St. R. 92), it was held: "If a municipal corporation adopt a general plan for the improvement of its streets and drains, and in carrying such plan into execution is guilty of negligence, whereby a property owner is damaged, it is liable in damages to the latter. 2 Dillon's Municipal Corp. (4th ed.) § 1051. It follows that if a municipal corporation construct its streets and drains in such a negligent manner that surface-water from the streets and adjacent property is cast upon the lot of an adjoining owner and caused to pond thereon, or if such result is brought about by a system of drains originally properly constructed, but negligently allowed to fall out of repair, such corporation will be liable to the owner of the property affected, for any damages growing out of the nuisance thus created. *Reid* v. *Atlanta,* 73 *Ga.* 523; *Maguire* v. *Cartersville,* 76 *Ga.* 84." It is true that municipal corporations are not liable for failure to perform, or for errors in performing, their governmental, legislative, or judicial powers. That is distinctly recognized in our decisions. But in *Fuller* v. *Atlanta,* 66 *Ga.* 80, it was said: "The power granted by charter to a municipal corporation to raise or

alter the grades of streets involves a legislative act. After this has taken place, the mere construction of the work is ministerial." Several other decisions are cited by the Court of Appeals, which we do not think it necessary to refer to specifically, that support the principles announced by them. The judgment is

*Affirmed. All the Justices concur, except Jenkins, J., disqualified.*