35417.   MAYOR etc. OF SAVANNAH *v.* PALEFSKY.

Decided January 25, 1955.

394

*Aaron Kravitch, James F. Glass,* for plaintiff in error.

*Rogers, Zeigler, Terry & Coolidge, Lewis, Wylly & Javetz,* contra.

NICHOLS, J. The defendant in the court below contends that no cause of action is stated against it because, by an act of 1895, the General Assembly vested exclusive jurisdiction over trees, parks, grass plats, etc., within the City of Savannah in the Park and Tree Commission, an independent agency. This act does not relieve the city of the duty to keep its sidewalks in a reasonably safe condition. *Mayor &c. of Savannah* v. *Harvey,* 87 *Ga. App.* 122 (73 S. E. 2d 260). In that case it was alleged that the city was negligent in not removing rotten limbs from a tree which was growing in the unpaved area between the sidewalk and the street. In the present case it is alleged that the city was negligent in allowing a water-meter box to be located lower than

the surrounding ground in that unpaved area between the sidewalk and the street, that this area was used and had been used for at least ten years by the public, and that the water-meter box had been lower than the surrounding land for a period of at least two years prior to the injury of the plaintiff. The record does not disclose whether the unpaved area between the sidewalk and the street in the present case is part of a park. *Mayor &c. of Savannah* v. *Harvey,* supra. In the present case it is alleged that the water-meter box was under the exclusive control of the city, and was used as a part of the installation furnishing water to the residence located at 1316 East Fifty-first Street. A city, in maintaining a waterworks system and furnishing its residents with water for domestic and commercial purposes, and charging therefor, is engaged in a private, nongovernmental business, and is liable to one injured because of its negligence. *City of Tallapoosa* v. *Goebel,* 63 *Ga. App.* 1 (10 S. E. 2d 201); *Atlanta* v. *Blackmon,* 51 *Ga. App.* 165 (179 S. E. 842). As against a general demurrer the petition set forth a cause of action.

The exceptions to the overruling of special demurrers, not being argued or expressly insisted upon, will be treated as being abandoned. *Mayor &c. of Savannah* v. *Harvey,* supra.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*