### 51443. ASH v. SPEAR.

QUILLIAN, Judge.

This action for damages arose out of a collision on July 5, 1973, between a motorcycle driven by the plaintiff and a dog owned by the defendant. The trial judge sustained the defendant's motion for summary judgment and appeal followed.

The complaint alleged that the defendant's dog had a dangerous propensity for chasing and biting at motorcycles and motorcyclists and that the defendant knew of such propensity. We are presented with the question as to whether there was a genuine issue of material fact in this regard. *Held:*

Here the defendant in his affidavit stated: "that during the time he owned the dog, affiant never knew of the dog running across the street, chasing cars, biting persons, chasing persons or otherwise acting in a vicious or a dangerous manner."

The plaintiff by affidavit testified that: "Deponent states that on the date of July 5, 1973 the defendant, Jack Spear, stated to him that he himself had been bitten twice by this dog and deponent states that the defendant knew of the vicious nature of this dog."

By another affidavit the defendant swore that after the collision while he was attempting to move the dog, it "in obvious pain or shock" bit him twice; this was the first time the dog had ever bitten him or anyone else; that he told the plaintiff about this incident.

The plaintiff then replied by affidavit: "that on July 5, 1973, the defendant Jack Spear, stated to him that he himself had been bitten twice by this dog on previous occasions and that he, Jack Spear, as the owner of this dog, knew the vicious nature of this dog and that this was not in reference to the occasion of July 5, 1973 when this dog had bitten the plaintiff."

"Where a question of credibility arises as to a material issue, summary judgment should not be granted. *Capital Auto. Co. v. GMAC,* 119 Ga. App. 186, 192 (166 SE2d 584); *Short & Paulk Supply Co. v. Dykes,* 120 Ga. App. 639 (3) (171 SE2d 782)." *Georgia Cas. &c. Co. v. Almon,* 122 Ga. App. 42, 44 (176 SE2d 205). Accord: *Columbia Drug Co. v. Cook,* 127 Ga. App. 490, 492 (194 SE2d 286). Since the facts above recited raise a question as to the defendant's credibility with regard to his testimony concerning knowledge of the animal's propensities, a jury should pass upon this issue. The trial judge erred in granting the defendant's motion for summary judgment.

*Judgment reversed. Pannell, P. J., and Clark, J., concur.*

ARGUED NOVEMBER 4, 1975 — DECIDED DECEMBER 5, 1975.

*John N. Crudup,* for appellant.
*Telford, Stewart & Stephens, J. Douglas Stewart, William H. Blaylock, Jr.,* for appellee.