## 56503. VOL T. BLACKNALL COMPANY v. FRAZEE.

SMITH, Judge.

Appellant-creditor sued appellee on his surety contract with appellant. On this appeal from the grant of summary judgment to appellee, appellant argues only that the following language in the contract constituted a waiver by appellee of his right to give notice under Code § 103-205: "I [appellee] do hereby promise that if Said Firm [the principal] does not promptly pay your [the appellant's] invoices, I will immediately pay them, and I agree that if payment is not made by me within thirty days of request for payment, I will pay all costs of collection including a reasonable attorney's fee. This letter is intended to make me a surety and not a guarantor, and in the event it is necessary that you take legal action for the collection of your account against Said Firm, I agree that you may take such action against me direct and that it will not be necessary for you to first exhaust your remedies against Said Firm." Code § 103-205 provides: "Any surety, guarantor, or indorser, at any time after the debt on which he is liable becomes due, may give notice in writing to the creditor, his agent, or any person having possession or control of the obligation, to proceed to collect the same from the principal, or any one of the several principals liable therefor; and if the creditor or holder refuses or fails to commence an action for the space of three months after such notice (the

principal being within the jurisdiction of this State), the indorser, guarantor, or surety giving the notice, as well as all subsequent indorsers and all cosureties, shall be discharged." Appellee gave the Code § 103-205 notice, and appellant failed to proceed against the principal. Contrary to appellant's argument, we believe that *Overstreet v. W. T. Rawleigh Co.,* 75 Ga. App. 483 (43 SE2d 774) (1947), controls and that the contractual language was not so explicit as to constitute a waiver of the appellee's right to give notice under Code § 103-205. *Garcia v. Garcia,* 232 Ga. 869 (209 SE2d 201) (1974). Cf. *Fricks v. J. R. Watkins Co.,* 88 Ga. App. 276 (2) (76 SE2d 518) (1953), reversed on other grounds by *J. R. Watkins Co. v. Fricks,* 210 Ga. 83 (78 SE2d 2) (1953). We therefore affirm the trial court's grant of summary judgment.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

ARGUED SEPTEMBER 13, 1978 — DECIDED NOVEMBER 16, 1978 — REHEARING DENIED DECEMBER 5, 1978 — ▮▮▮▮▮▮▮▮

*Frank Malcolm Boorn, Anne H. Orr,* for appellant.
*Awtrey, Parker, Risse, Mangerie & Dozier, Dana L. Jackel,* for appellee.