## 62427. C. W. MATTHEWS CONTRACTING COMPANY, INC. v. DEPARTMENT OF TRANSPORTATION OF GEORGIA.

DEEN, Presiding Judge.

Matthews filed a verified complaint for declaratory judgment alleging that it had entered into a highway construction contract with appellee to build certain bridges crossing an interstate highway. The bridges were to be constructed on top of and between fills which had been constructed by another contractor. To gain access to the top of the fills, Matthews dug a haul road in the fill and then later refilled the road after the bridges were constructed. After slope failure occurred where the haul road had been located, DOT asked Matthews to repair the damage. Matthews refused claiming that the slope had not failed, but that damage had been caused by a slide. DOT's demands for performance under the contract were rebuffed and it finally notified Matthews that its contract would be declared in default if work was not commenced within ten days. Matthews filed an action for declaratory judgment which was dismissed. *Held:*

The Department of Transportation has shown that it is an instrumentality of the state and the state may not be sued without its express consent. This immunity from suit has been expressly waived in declaratory judgment actions only in certain limited cases. See *Ga. State Bd. of Dental Examiners v. Daniels,* 137 Ga. App. 706 (224 SE2d 820) (1976). *Health Facility Inv. v. Georgia Dept. of Human Resources,* 238 Ga. 383 (233 SE2d 351) (1977) expresses the general rule: "As was said 117 years ago by this court in *Ga. Military Institute v. Simpson,* supra, p. 277, '[w]e have no Court of Claims in this state, nor petition of right, as in England. But whoever contracts with the state trusts to the good faith of the state, unless the state sees fit to disrobe itself of its sovereignty, . . .' " The state, however, may always bring an action for declaratory relief if such an action is necessary. See *Jahncke Service v. Dept. of Transp.,* 137 Ga. App. 179 (223 SE2d 228) (1976). While Art. I, Sec. III, Par. I, of the Georgia Constitution (Code Ann. § 2-301) can be a waiver of sovereign immunity in certain cases involving public works construction contracts, it is not considered to be a waiver unless there has first been a taking. *Tift County v. Smith,* 219 Ga. 68 (131 SE2d 527) (1963); *C. F. I. Const. Co. v. Bd. of Regents,* 145 Ga. App. 471 (243 SE2d 700) (1978). As there has been no taking of Matthews' property, the trial court did not err in dismissing the declaratory judgment action on the basis that the Department of Transportation was clothed in sovereign immunity.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED OCTOBER 14, 1981 —

*William T. Gerard,* for appellant.

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, Executive Assistant Attorney General, Don A. Langham, First Assistant Attorney General, Marion O. Gordon, Senior Assistant Attorney General, Roland F. Matson, Assistant Attorney General,* for appellee.