### 67371. McCRARY ENGINEERING CORPORATION v. CITY OF BOWDON et al.

McMURRAY, Chief Judge.

On August 8, 1977, McCrary Engineering Corporation (McCrary) and the City of Bowdon entered into a written contract by which Mc-

Crary would provide certain engineering services to the City of Bowdon incident to the design and construction of a water and sewer system. Thereafter, McCrary contends that it discovered the existence of a conspiracy by and between its president who had chartered a separate corporation using McCrary's equipment, facililties, etc. to solicit its clients (including the City of Danielsville and Bowdon, among others).

On August 14, 1979, McCrary filed a complaint against its former president Hood and against Southeast Consultants, Inc., a corporation created by defendant Hood, seeking to enjoin the defendant Hood and the corporate defendant, its officers and agents from interfering with certain contracts of McCrary with certain municipalities including the City of Bowdon and as to engineering services on water and sewer projects.

On September 12, 1979, the City of Bowdon intervened in the case by motion. It contended that McCrary had breached its contract, and in any event, the contract allowed the city to hire resident inspectors of its own. Subsequently, an injunction was granted to McCrary enjoining any interference with the contract with the City of Bowdon, and it continued to perform and complete its engineering services on the Bowdon project for a water and sewer system. It also incidentally sought to prevent certain former employees, now with Southeast Consultants, Inc., to be hired as resident inspectors on the Bowdon project. However, the trial court's injunction did not cover this feature, and in *Southeast Consultants v. McCrary Engineering Corp.*, 246 Ga. 503 (273 SE2d 112) (1980), the lower court's judgment was affirmed. We refer here to that case involving equitable relief simply as a forerunner to the appeal in the present case.

Subsequently, on August 11, 1980, McCrary in this same action filed a cross-complaint against the City of Bowdon seeking recovery for its services rendered. The motion of the city to dismiss the cross-complaint on the ground of venue was denied on October 2, 1980, and the Court of Appeals declined to accept an interlocutory appeal. The defendant city likewise filed its answer to the cross-complaint and both parties later amended their pleadings with reference to same.

After considerable discovery both McCrary Engineering Corporation, the original plaintiff and plaintiff in the cross-complaint, and the intervenor, as defendant in the cross-complaint, each sought summary judgment. In addition the city amended its answer to the cross-complaint to add defenses of recoupment and set off, and the plaintiff McCrary responded to this amendment on April 20, 1982. On November 22, 1982, the trial court filed its order (dated November 17, 1982) and denied the plaintiff's motion for summary judgment on the cross-claim based upon the fact that the issues of the applicable percentage rate for basic engineering services as well as the issue of negligence

and any resulting set off clearly presented jury questions. The trial court likewise based upon *Nat. Distributing Co. v. Dept. of Transp.*, 248 Ga. 451, 454 (283 SE2d 470) (1981), and *C. W. Matthews Contracting Co. v. Dept. of Transp.*, 160 Ga. App. 265 (286 SE2d 756) (1981), concluded that the act of the city in entering into a contract did not constitute an implied waiver of the sovereign immunity defense and, being bound by these decisions, granted defendant's motion for summary judgment. The court ordered the dismissal of plaintiff's cross-complaint against the City of Bowdon in which it therein sought judgment for indebtedness due under the contract, interest due thereon, expenses of litigation and reasonable attorney fees. The court also set forth in its order that due to certain letter evidence from the plaintiff to the City of Bowdon plaintiff had clearly waived any interest payments after a certain date and had the city not been otherwise immune from liability the City of Bowdon would have been entitled to summary judgment as to interest payments after a certain date.

Thereafter, the plaintiff sought to dismiss the complaint of recoupment and set off on the ground that there is a want of mutuality in the alleged contractual allegations and there is no consideration for the contractual claims made by the city against the plaintiff. On March 15, 1983, the trial court entered an order designated as a final judgment in which it set forth in substance much of the above chronology with reference to this case and that the plaintiff having acknowledged and advised the court that it did not desire to proceed further as to the equitable relief sought against the originally named defendants a final judgment was entered as to the original complaint. It likewise set forth that the City of Bowdon had agreed that its defense of recoupment and set off might be dismissed without prejudice, but it provided that in the event the cross-complaint should be reinstated on appeal these defenses might be reinstated or refiled; and same was dismissed by the court without prejudice as to defendant; that is, to have such defenses reinstated or refiled upon any reversal of the trial court's order dismissing the cross-complaint. A final judgment having been entered with reference to this matter, the plaintiff appeals. *Held*:

1. The first enumeration of error contends the trial court erred in granting summary judgment on the ground of the sovereign immunity defense of the City of Bowdon and in dismissing the cross-complaint. At the very outset we are faced with the general law found in OCGA § 36-33-1 (formerly Code § 69-301) wherein municipalities as subdivisions of the state enjoy a dual character. As recognized by statute and the case law, municipalities are protected in the exercise of legislative and judicial functions by sovereign immunity but are denied the absolute immunity of the state for "neglect to perform or improper or un-

skillful performance of their ministerial duties," for which they shall be liable. See in this connection *Ramsey v. Hamilton*, 181 Ga. 365, 377 (182 SE 392) (dual nature of municipal corporations "as agencies of sovereignty and as business corporations"); *Mayor &c. of Savannah v. Jordan*, 142 Ga. 409, 411, 412 (83 SE 109). In *Fuller v. City of Atlanta*, 66 Ga. 80 (2), 84, the power granted by charter to a municipal corporation to raise or alter the grades of streets involves a legislative act but after this has taken place, it was held that the mere construction of the work is ministerial. In *Mayor &c. of Washington v. Faver*, 155 Ga. 680, 686 (117 SE 653), it was held that the determination to pave a street was legislative in character but the making of the contract for the paving of streets was a ministerial act. See also *City of Rome v. Brown*, 184 Ga. 34, 36 (190 SE 787); *Findley v. City of Vidalia*, 78 Ga. App. 581, 584-585 (51 SE2d 542). It has been held that the maintaining of streets and sidewalks within a municipality in order to keep them safe for travel in ordinary modes was a ministerial function. *City of Macon v. Harrison*, 98 Ga. App. 769, 771 (106 SE2d 833). It has also been held that a water works system for its residents (for domestic and commercial purposes) and charging therefor is engagement by the city in a private, non-governmental business. See *City of Tallapoosa v. Goebel*, 63 Ga. App. 1 (1) (10 SE2d 201); *City of Atlanta v. Blackmon*, 51 Ga. App. 165 (1) (179 SE 842). See also *Mayor, etc. of Savannah v. Palefsky*, 91 Ga. App. 392, 395 (85 SE2d 817). Further, the supplying of water by a city to its inhabitants for compensation is not an act in its governmental capacity but it does so in a private capacity. *City of Griffin v. Griffin Chero-Cola Bottling Co.*, 35 Ga. App. 779 (134 SE 812). We could cite and discuss numerous other cases in which the appellate courts have indulged in defining lines of separation between governmental functions and those in which the city acts in a ministerial fashion. Our most recent decision which we consider and follow here is that of *Smith v. City of Atlanta*, 167 Ga. App. 458, 461-462 (2) (306 SE2d 720). In that case we considered the ministerial function of payment of salary of an officer in the Atlanta Bureau of Fire Services for work performed which is somewhat similar to the case sub judice in seeking remuneration for engineering services performed under a written contract for same. We therein held, at page 461, that to allow the city "to claim statutory immunity would violate the prohibition against the impairment of a contract . . . found in both the State and Federal Constitutions," citing *Bender v. Anglin*, 207 Ga. 108 (1) (60 SE2d 756), and *Withers v. Register*, 246 Ga. 158, 159 (1) (269 SE2d 431). We then cited therein numerous cases involving claims by governmental employees for the payment of salaries and held at page 462 that while the defense of statutory immunity was not raised therein the obvious conclusion is "that payment of salary to government employees is a perfunctory

administrative duty not included under the category of government functions and not barred by any statutory immunity." We adopt the analogy there with reference to salary for work performed by an employee to the facts here in which the plaintiff seeks payment for the work performed under a written contract with the city notwithstanding the recent ruling by the Supreme Court in *Nat. Distributing Co. v. Dept. of Transp.*, 248 Ga. 451, supra, which held the doctrine of sovereign immunity was a complete defense to a suit for damages of breach of contract brought against a department of the state. We do not deem that decision to be controlling here with reference to cities having dual capacities as here. The trial court erred in granting summary judgment to the City of Bowdon. See in this connection *City of Atlanta v. Bull*, 161 Ga. App. 648, 649-650 (288 SE2d 335), and cases cited; *Eureka Fire Hose Mfg. Co. v. Mayor &c. of Eastman*, 16 Ga. App. 630 (85 SE 929); *City of Saint Marys v. Stottler Stagg & Assoc.*, 163 Ga. App. 45 (1), 46-47 (292 SE2d 868); *Ramsey v. Hamilton*, 181 Ga. 365, 377, supra.

2. However, with reference to defendant's motion for summary judgment as to monies due under the contract regarding the scale of rates of compensation, it is clear that genuine issues of material fact remain due to the conflicting testimony during discovery such as affidavits and depositions requiring interpretation of the contract and the payments thereunder. We find no error in the denial of the motion for summary judgment filed by the plaintiff on its cross-complaint. Further, much of this evidence is based on expert testimony, and the jury must determine the credibility of such testimony. *Assoc. Financial Svcs. Co. v. International Harvester Credit Corp.*, 127 Ga. App. 636, 637-638 (194 SE2d 518); *Ash v. Spear*, 137 Ga. App. 12, 13 (223 SE2d 26); *Ginn v. C. & S. Nat. Bank*, 145 Ga. App. 175, 178 (3) (243 SE2d 528). This case does not involve expert opinion testimony in support of malpractice cases involving professionals (doctors and lawyers). We note that such matters have not extended to others such as the testimony of an engineer as was the case here. Construing the evidence most strongly in favor of the party opposing the motion, the trial court did not err in denying summary judgment for the plaintiff. *Burnette Ford v. Hayes*, 227 Ga. 551, 553 (181 SE2d 866); *Combs v. Adair Mortgage Co.*, 245 Ga. 296 (264 SE2d 226). This ruling likewise applies to the issues of recoupment and set off raised as defenses by the defendant-intervenor.

3. It was also the court's opinion that certain letters from McCrary (by defendant Hood as president of the corporate plaintiff at the time the letters were written) to the City of Bowdon clearly waived any interest payments after a certain date, and the City of Bowdon would have been entitled to summary judgment on this issue had it not otherwise been immune from liability. Even so, if this be a

ruling of partial summary judgment, we reverse as a jury issue remains for determination from the evidence as to whether or not there was an express waiver of rights under the contract distinctly made with full knowledge of the rights intended to be waived and whether or not the plaintiff had complete corporate authority to waive same and knowledge of what rights it intended to waive as shown in the evidence considered by the trial court. See *Vol T. Blacknall Co. v. Frazee*, 148 Ga. App. 327, 328 (251 SE2d 122); *Snead v. State*, 167 Ga. 271, 275-276 (145 SE 510); *Fech v. Fech*, 241 Ga. 613 (247 SE2d 79); *Taylor v. Holland*, 20 Ga. 11, 14; *Kennedy v. Manry*, 6 Ga. App. 816 (3) 819 (66 SE 29); *Garcia v. Garcia*, 232 Ga. 869, 870-871 (209 SE2d 201). Accordingly, construing this as a grant of partial summary judgment, and since the grant of total summary judgment is reversed, we also reverse the trial court as to this ruling.

*Judgment affirmed in part and reversed in part. Shulman, P. J., and Birdsong, J., concur.*

DECIDED MARCH 14, 1984 —
REHEARING DENIED MARCH 26, 1984 — 

*Henry M. Hatcher, Jr.*, for appellant.
*Robert A. Elsner, J. Thomas Vance, Thomas E. Greer*, for appellees.