A07A1604. RUTHERFORD v. DeKALB COUNTY.

(651 SE2d 771)

BLACKBURN, Presiding Judge.

In this personal injury action arising from DeKalb County's alleged failure to maintain a water meter cover, Donna Rutherford appeals the trial court's dismissal of her claims, arguing (1) that the County is liable for negligent performance of a nongovernmental or ministerial function, and (2) that the County is also liable under a theory of nuisance. As the County is entitled to sovereign immunity for the claims Rutherford brought, we affirm.

> In reviewing the grant of a motion to dismiss, an appellate court must construe the pleadings in the light most favorable to the appellant with all doubts resolved in the appellant's favor. A motion to dismiss should only be granted if the allegations of the complaint, construed most favorably to the plaintiff, disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts.

(Punctuation omitted.) *Ewing v. City of Atlanta*.[1]

So viewed, the record shows that Rutherford was injured when she stepped on a water meter cover as she was walking across an easement in front of her home. The water meter cover, which was installed and maintained by DeKalb County, collapsed when she stepped on it, causing Rutherford to fall in the hole below and sustain

---

[8] See *Kinder*, supra; *Durden*, supra.
[1] *Ewing v. City of Atlanta*, 281 Ga. 652, 653 (2) (642 SE2d 100) (2007).

serious physical injuries. Rutherford brought suit thereafter, alleging that the County was negligent in failing to properly maintain the water meter cover.[2] The County moved to dismiss, asserting sovereign immunity, and Rutherford amended her complaint to include a cause of action for nuisance. The County then moved to dismiss the nuisance claim, arguing that it is immune from suit for a nuisance claim arising from personal injuries. After a hearing on the viability of Rutherford's claims, the trial court granted the County's motions to dismiss.

On appeal, Rutherford contends that the trial court erred (1) because sovereign immunity does not prevent liability for negligence where the County is performing a nongovernmental or ministerial function, and (2) because the County is liable under a theory of nuisance for maintaining the water meter cover in a dangerous condition. We disagree.

1. Rutherford contends that sovereign immunity does not bar her negligence claims against the County because: (a) the operation of a water works is a private, nongovernmental enterprise; and (b) even if operation of a water works is a governmental function, the County is nevertheless liable for negligence in performing the ministerial duty of properly maintaining the meter cover. However, these arguments are unavailing against a county, which enjoys sovereign immunity under the 1983 Constitution of Georgia. *Gilbert v. Richardson.*[3]

> [S]overeign immunity extends to the state and all of its departments and agencies. The sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver.

Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e). This provision extends sovereign immunity to counties. See *Gilbert v. Richardson*, supra, 264 Ga. at 747 (2). Furthermore, OCGA § 36-1-4 provides that "[a] county is not liable to suit for any cause of action unless made so by statute." A county's immunity is thus complete unless waived by

---

[2] Rutherford also brought claims under theories of respondeat superior and stubborn litigiousness, but she does not challenge the dismissal of those claims.

[3] *Gilbert v. Richardson*, 264 Ga. 744, 747 (2) (452 SE2d 476) (1994).

statute, and includes protection from suits involving claims of negligence, such as the one here. *Schulze v. DeKalb County*;[4] *Johnson v. Chatham County.*[5]

(a) Rutherford argues that the County is nevertheless liable because the operation of a water works is a nongovernmental, proprietary function for which it does not receive sovereign immunity. The distinction between governmental and proprietary functions applies, however, not to counties, but to cities. "Counties are subdivisions of the state government . . . organized . . . for the purpose of administering locally the general powers and policies of the state." (Punctuation omitted.) *Miree v. United States.*[6] In contrast, "municipalities are creatures of the legislature," id., which act "in a dual capacity, exercising powers pertaining not only to their delegated sovereignty, but powers of ministerial or proprietary character." *Purser v. Dodge County.*[7]

The host of cases that Rutherford relies on for her contention that maintenance and operation of a water works is a private, nongovernmental function are relevant only as to cities, and are inapplicable with respect to the County. See *McCrary Engineering Corp. v. Bowdon*;[8] *Mayor &c. of Savannah v. Palefsky*;[9] *City of East Point v. Upchurch Packing Co.*;[10] *City of Atlanta v. Blackmon*;[11] *City of Rome v. Justice.*[12] The import of all these cases is that a city can be liable for suits arising from its operation or maintenance of a water works because this function, in certain circumstances, is nongovernmental, i.e., within the proprietary or ministerial (rather than legislative or judicial) realm of a municipal corporation's powers. A county's immunity, however, is not subject to this analysis and is only abrogated by statute. OCGA § 36-1-4. See *Johnson v. Chatham County*, supra, 167 Ga. App. at 284 (1).

(b) Rutherford also contends that the proper maintenance of a water meter cover is a ministerial duty subjecting the County to liability for negligence. For the same reasons as set forth above, this argument is likewise unavailing.

---

[4] *Schulze v. DeKalb County*, 230 Ga. App. 305, 307 (1) (496 SE2d 273) (1998).

[5] *Johnson v. Chatham County*, 167 Ga. App. 283, 284 (1) (306 SE2d 310) (1983).

[6] *Miree v. United States*, 242 Ga. 126, 133 (249 SE2d 573) (1978).

[7] *Purser v. Dodge County*, 188 Ga. 250, 251 (3 SE2d 574) (1939).

[8] *McCrary Engineering Corp. v. City of Bowden*, 170 Ga. App. 462, 465 (1) (317 SE2d 308) (1984).

[9] *Mayor &c. of Savannah v. Palefsky*, 91 Ga. App. 392, 395 (85 SE2d 817) (1955).

[10] *City of East Point v. Upchurch Packing Co.*, 58 Ga. App. 829, 830 (200 SE 210) (1938).

[11] *City of Atlanta v. Blackmon*, 51 Ga. App. 165 (179 SE 842) (1935).

[12] *City of Rome v. Justice*, 40 Ga. App. 196 (149 SE 88) (1929).

In the cases cited by Rutherford in support of her contention, the courts have held that a city has an obligation to keep streets and sidewalks free from obstructions and may be liable for negligent performance of this ministerial duty. *DeWaters v. City of Atlanta;*[13] *City of Atlanta v. Hawkins;*[14] *Mayor &c. of Savannah v. Jones;*[15] *City Council of Augusta v. Cleveland.*[16] However, as the distinction between governmental functions and ministerial duties pertains to cities rather than counties, these cases are inapplicable to establish liability against the County. Therefore, the trial court properly granted DeKalb County's motion to dismiss Rutherford's negligence claim as barred by sovereign immunity.

2. Rutherford also contends that the County is liable for her injuries under a nuisance theory, because the County allegedly allowed the water meter cover to exist in a dangerous condition. We disagree.

As an initial matter, we note that because sovereign immunity is waived by the Georgia Constitution's eminent domain provision, Ga. Const. of 1983, Art. I, Sec. III, Par. I, a county may be liable through inverse condemnation when a nuisance amounts to a taking of property for public purposes. *Howard v. Gourmet Concepts Intl.*[17] However, a "[p]ersonal injury . . . for purposes of inverse condemnation does not constitute personal property that can be taken. Sovereign immunity bars any action for personal injury or wrongful death against a county arising from nuisance or inverse condemnation." (Citations omitted.) Id. at 524. Therefore, the trial court properly dismissed Rutherford's claim of alleged nuisance causing her personal injury.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED AUGUST 28, 2007.

*Patrick J. Stubbs*, for appellant.
*John E. Jones, Jr.*, for appellee.

---

[13] *DeWaters v. City of Atlanta*, 169 Ga. App. 41, 43 (1) (311 SE2d 232) (1983).
[14] *City of Atlanta v. Hawkins*, 45 Ga. App. 847 (166 SE 262) (1932).
[15] *Mayor &c. of Savannah v. Jones*, 149 Ga. 139, 142 (99 SE 294) (1919).
[16] *City Council of Augusta v. Cleveland*, 148 Ga. 734, 736-737 (2) (98 SE 345) (1919).
[17] *Howard v. Gourmet Concepts Intl.*, 242 Ga. App. 521, 524 (3) (529 SE2d 406) (2000).