## 72631. BRAY v. HOUSTON COUNTY.
### (348 SE2d 709)

POPE, Judge.

James E. Bray, Jr., filed suit against Houston County seeking judgment for damage and loss of use of his vehicle occurring while he was serving as a volunteer member of the Houston County Emergency Management Team, which was assisting the sheriff's office in a night-time search for a weapon involved in a crime. The complaint alleged that Bray's timely demand for settlement had been denied by the County Board of Commissioners, and that as a proximate result of the tortious acts of the county officers which amounted to the taking of or damage to private property directly for public use without just and adequate compensation being first paid in violation of the law of this state, he was entitled to compensatory damages and other just relief. The county answered, denying all the allegations and asserting that any action for negligence against it was barred by OCGA § 36-1-4; that if there were any "taking" of Bray's property, which was expressly denied, such taking was not for public use but was under the exercise of the police power for which the owner was entitled to no

compensation; and that any injuries or damages suffered by Bray were the sole result of the negligence of a third party, so that he was not entitled to recover from the county in any amount.

Following discovery proceedings, the county filed a motion for summary judgment supported by an affidavit of the deputy director of the Houston County Emergency Management Team, stating that he had assembled volunteers to assist in the search for the lost weapon, one of whom was Bray; that in order to effectuate the search a generator was placed on the back of his pickup truck from which spotlights were run to the various volunteers who would form a line and fan out to search for the weapon on the side of the road; that Bray "arrived in his own personal vehicle, a Jeep of some sort, and requested that we place the generator on his vehicle as he felt it could get to certain areas along the roadway better than my truck"; that he told Bray "that if we ran into a problem that we would do that, but right now he should join the other volunteers"; that Bray parked his vehicle further down the road and left it with a flashing light on it; and that sometime after this another car ran into the rear of Bray's jeep.

In opposition to the motion for summary judgment Bray filed his own affidavit in which he averred that when he arrived at the search area "someone suggested using the lights on my jeep to aid in the search. A generator arrived about one hour later. During this time, different members were moving my jeep down Highway 247 so we could see by the lights located on my jeep. My jeep was hit from the rear by another vehicle shortly after the generator arrived. No one at any time asked or suggested to me that I move the jeep from its location on Highway 247. In fact, the search was started approximately one hour earlier due to the fact that my jeep was used." Bray filed a second affidavit in which he further swore that other than the flashing beacon on top of his vehicle and its emergency flashers, "there were no other cautionary devices other than flashing lights to warn of the people or the jeep which was in the road." After considering briefs and arguments presented by the parties, the trial court granted the county's motion for summary judgment, from which Bray appeals. *Held:*

The constitutional provisions prohibiting the state or subdivisions from taking private property for a public purpose without just and adequate compensation are applicable only when the acts constitute a "taking" of the property within the meaning of the law. *Lewis v. DeKalb County*, 251 Ga. 100 (2) (303 SE2d 112) (1983); *Lindsey v. Guhl*, 237 Ga. 567, 572-73 (229 SE2d 354) (1976); *McCoy v. Sanders*, 113 Ga. App. 565 (148 SE2d 902) (1966). See also *Johnson v. Chatham County*, 167 Ga. App. 283 (3) (306 SE2d 310) (1983). The undisputed facts of this case from the affidavits of the parties show that

when "someone," not necessarily anyone in authority, "suggested" that Bray's vehicle be used, Bray voluntarily complied, and that at the time of the collision the vehicle was no longer being used for county purposes. Thus, "[s]tripped of the allegations which state mere conclusions of the pleader, the [complaint] does not disclose that any of the plaintiff's property has been wrongfully and forcibly taken from him, and in like manner seized and occupied by any of the defendants, but on the contrary that the [taking] was by his express consent; and for this reason, if for none other, no case is made for the application [of the constitutional prohibitions]." *Barwick v. Roberts*, 192 Ga. 783 (8) (16 SE2d 867) (1941).

Moreover, there is no question that the officers and volunteers searching for the missing weapon were acting under the police powers of the state. "The inherent police power of the state extends to the protection of the lives, health and property of the citizen, and to the preservation of good order and public morals and is not subject to any definite limitations, but is coextensive with the necessities of the case and the safeguard of public interest. [Cit.]" *Pope v. City of Atlanta*, 242 Ga. 331, 333 (249 SE2d 16) (1978). " 'The safeguarding of society by the prosecution of crimes against it is a sovereign attribute inherent in all governments, and for mistakes in exercising this sovereign right there can be no liability against the government without its consent.' [Cit.]" *McCoy v. Sanders*, supra at 569. Accord *Lewis v. DeKalb County*, supra at 103. Therefore, even if there were a factual issue as to the taking of Bray's vehicle, as he contends, since it was pursuant to the state's police powers he cannot be compensated for it as a matter of law. Bray's sole recourse must be against the third party who collided with his parked vehicle. It follows that the trial court properly granted summary judgment to the county.

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 2, 1986.

*T. Henry Clarke IV*, for appellant.
*Cubbedge Snow III*, for appellee.