S12A0492. NORTHWAY v. ALLEN et al.

(728 SE2d 624)

BENHAM, Justice.

Appellant Mayor Jeffrey Northway was elected mayor of the City of Springfield, Georgia in November 2009 and took office in January 2010. In October 2010, an ethics complaint and investigation was

initiated against him before the City's ethics committee. On November 22, 2010, before the ethics investigation was completed, appellees, who are members of the Springfield City Council, voted in a private executive session to ask for appellant's resignation pursuant to Section 45 of the City of Springfield's Charter. Appellant refused to resign.

Section 45 of the City of Springfield's Charter states in pertinent part:

> . . . should the mayor or any member of the city council be guilty of malpractice in office, willful neglect of duty, gross and willful abuse of the powers entrusted to them or for any reason become incompetent or unfit to fill such office, in the judgment of any four members of council then and in that event, they are authorized to ask for his resignation, and upon his failure to resign at once, or within five days, it shall be the duty of the four members of council jointly, to bring a rule against such offending officer setting up the charges against him before the judge of the Superior Court of Effingham County . . . and the said judge of the Superior Court is hereby granted power and authority to pass upon said rule, and may in his judgment, remove the officer there in charge and declare the office vacant, and this judgment shall be final.

After appellant refused to resign, appellees petitioned the superior court for appellant's removal pursuant to Section 45. The petition for removal set forth seven enumerations as the basis for the action. Paragraph one claimed proper jurisdiction and venue, paragraph four quoted Section 45, and paragraph seven prayed for relief from the trial court — specifically, that appellant be removed from office "[d]ue to [his] failure to resign within the specified time. . . ." The four other paragraphs made the following factual allegations: that appellant was elected mayor of Springfield in 2009, that appellees were city council members, that appellees asked for appellant's resignation as mayor, and that appellant failed to resign.

Appellant moved to dismiss the petition for removal pursuant to OCGA § 9-11-12 (b) (6), arguing that the petition did not state a claim for which relief could be granted and arguing a number of theories challenging the constitutionality of Section 45. The trial court held a hearing on the motion to dismiss. During the hearing, counsel for appellees admitted that appellees did not include in the petition any allegations of "malpractice in office, willful neglect of duty, gross and willful abuse of the powers . . . or [incompetence] . . . or [unfitness]" on

the part of appellant.[1] After hearing the parties' arguments, the trial court denied the motion to dismiss and denied appellant's request for a certificate of immediate review. The case proceeded and the trial court held a three-day bench trial in July 2011, during which testimony was given and evidence submitted. On August 1, 2011, the trial court entered an order removing appellant from office pursuant to Section 45, and appellant brought this appeal.[2]

Among his enumerations of error, appellant contends the trial court erred when it failed to dismiss the petition for removal pursuant to OCGA § 9-11-12 (b) (6). On appeal, a trial court's ruling on a motion to dismiss for failure to state a claim for which relief may be granted is reviewed de novo and the pleading being challenged, i.e., the petition for removal, is construed in favor of the party who filed it. *Southstar Energy Svcs., LLC v. Ellison*, 286 Ga. 709 (1) (691 SE2d 203) (2010). A motion to dismiss pursuant to OCGA § 9-11-12 (b) (6) will not be sustained unless

> (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. . . .

*Stendahl v. Cobb County*, 284 Ga. 525 (1) (668 SE2d 723) (2008). The main consideration of such a motion to dismiss is "whether, under the assumed set of facts, a right to some form of legal relief would exist." *Charles H. Wesley Ed. Foundation v. State Election Bd.*, 282 Ga. 707, 714 (1) (654 SE2d 127) (2007) (Sears, C. J., dissenting). If material allegations are missing from a pleading, then the pleading fails. *Patrick v. Verizon Directories Corp.*, 284 Ga. App. 123, 124 (643 SE2d 251) (2007).

In its order denying dismissal, the trial court stated the following as to the sufficiency of the petition: "as this case is governed by the Civil Practice Act, all that was required of the Petitioners was a petition which contains a short and plain statement of the claims showing why they are entitled to relief." While this is a correct statement of the law (see OCGA § 9-11-8 (a) (2) (A)), in this case, appellees did not include any allegations in their petition "showing

---

[1] At the hearing, counsel for appellees offered to file an amended petition with more allegations contingent upon appellant agreeing to forego discovery.

[2] This Court's jurisdiction is based on the trial court's ruling that Section 45 of the City of Springfield's Charter is constitutional.

why they are entitled to relief." The allegations in the petition state that appellees requested appellant to resign and that appellant failed to do so. These allegations, taken as true, cannot explicitly or implicitly be interpreted to support the relief appellees were seeking — namely, appellant's removal from elected office. Elected officials in Georgia have a property right in their office that cannot be taken away without due process of law. *City of Ludowici v. Stapleton*, 258 Ga. 868, 869 (375 SE2d 855) (1989). Even under our notice pleading system, appellees were required to put forth plainly-stated allegations in the petition which, taken as true, would support removal of appellant from office under Section 45 — i.e., allegations that demonstrated appellant's purported "malpractice in office, willful neglect of duty, gross and willful abuse of the powers . . . or [incompetence] . . . or [unfitness]." Appellant's mere refusal to resign on request does not create any basis for the relief requested.[3] The trial court erred when it denied appellant's motion to dismiss and allowed the case to proceed with the petition as pled. The error was not harmless because throughout the proceedings appellant was forced to guess as to what charges he would be required to defend himself. Accordingly, the trial court's judgment removing appellant from office is reversed, and the trial court is directed to grant appellant's motion to dismiss.[4]

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED JUNE 18, 2012.

*Bignault & Carter, Charles S. Herman*, for appellant.
*Ratchford & Rafter, Richard R. Rafter, Claude M. Kicklighter, Jr., Andrea A. Smart*, for appellee.

---

[3] Appellees' contention that the then-pending ethics committee proceeding provided proper notice to appellant of the charges against him does not cure the fundamental insufficiency of the petition for removal. In fact, had the trial court considered the ethics complaint and any other accompanying materials of the ethics proceeding in its deliberation of the motion to dismiss, it would have been considering matters outside of the pleadings and would have been required to convert appellant's motion to dismiss into a motion for summary judgment. OCGA § 9-11-12 (b); *Cox Enterprises v. Nix*, 273 Ga. 152, 153 (538 SE2d 449) (2000). Furthermore, appellant was never determined to be in violation of the City's ethics code.

[4] Because we have reversed the judgment of the trial court, we need not address appellant's remaining enumerations of error.