**SECOND DIVISION**
**BARNES, P. J.,**
**MCFADDEN and MCMILLIAN , JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**February 19, 2013**

# In the Court of Appeals of Georgia

A12A1068.  AMICA  MUTUAL  INSURANCE  COMPANY  v. GWINNETT COUNTY POLICE DEPARTMENT, et al.

McFADDEN, Judge.

In January 2008, a standoff occurred between officers of the Gwinnett County Police Department and an aggravated assault suspect whom they were trying to arrest pursuant to a warrant. The standoff damaged the house in which the suspect was living. That house belonged to Lynn Christopher, who had homeowner's insurance with Amica Mutual Insurance Company. After reimbursing Christopher, Amica brought a subrogation action against the Police Department and Gwinnett County, asserting a claim of inverse condemnation. The defendants moved to dismiss under OCGA § 9-11-12 (b) (6), and the trial court granted their motion. Amica does not contest the dismissal of its action against the Police Department, but it appeals from

the dismissal of its action against the County. Because we find that, as a matter of law, the County was entitled to sovereign immunity against Amica's claim, we affirm.

> A motion to dismiss pursuant to OCGA § 9-11-12 (b) (6) will not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.

(Citation omitted.) *State v. Singh*, 291 Ga. 525, 528 (3) (731 SE2d 649) (2012). Pertinently, Amica alleged in its complaint that the actions of the law enforcement officers during the standoff caused significant damage to Christopher's house, that the County inflicted this damage "for the public purpose of exercising its police power over [the aggravated assault suspect]," that this amounted to a taking by the County for which it was required to pay compensation under the Georgia Constitution's eminent domain provision, Ga. Const. of 1983, Art. I, Sec. III, Par. I, and that this provision waived the County's sovereign immunity. See generally Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e) (extending sovereign immunity to the state and all of its departments and agencies, except as specifically provided in this paragraph, and providing that this sovereign immunity can be waived only by an act

2

of the General Assembly that specifically provides for such waiver); *Rutherford v. DeKalb County*, 287 Ga. App. 366, 367 (1) (651 SE2d 771) (2007) (sovereign immunity set forth in Ga. Const. of 1983, Art. I, Sec. II, par. IX (e) extends to counties).

The eminent domain provision of the Georgia Constitution states that "private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid." Ga. Const. of 1983, Art. I, Sec. III, Par. I (a). It is true that this provision waives sovereign immunity and that, consequently, a county may be liable for a claim of inverse condemnation if its actions constitute a taking for public purposes under the provision. See *Rabun County v. Mountain Creek Estates*, 280 Ga. 855, 856 (1) (632 SE2d 140) (2006); *Rutherford*, 287 Ga. App. at 369 (2). But the Supreme Court of Georgia has held that the constitutional provision "prohibiting the taking of private property for a public purpose without compensation ha[s] no relevance to the exercise of the police power by the state or its political subdivisions." (Citation omitted.) *Lewis v. DeKalb County*, 251 Ga. 100, 103 (2) (303 SE2d 112) (1983) (interpreting similar language in prior version of constitution). This Court also has recognized a distinction between a state's ability to exercise its police

3

power and its ability to exercise the power of eminent domain addressed in the Georgia Constitution:

> The power of eminent domain is that sovereign power to take property for a public use or purpose, and this cannot even be done without just and adequate compensation. On the other hand, the police power is that power by which the Government may destroy or regulate the use of property in order to promote the health, morals and safety of the community, and the police power may be exercised without making compensation for the impairment of the use of property or any decrease in the value of property.

(Citation and punctuation omitted.) *McCoy v. Sanders*, 113 Ga. App. 565, 569-570 (148 SE2d 902) (1966).

The allegations in Amica's complaint – that the house was damaged by the actions of law enforcement officers during their attempt to arrest the aggravated assault suspect and the ensuing standoff with the suspect – disclose that Christopher's house was damaged pursuant to an exercise of police power. See generally *Pope v. City of Atlanta*, 242 Ga. 331, 333 (249 SE2d 16) (1978) (describing state's "inherent police power"). Amica acknowledges as much in its complaint. As a matter of law, the County is entitled to sovereign immunity against a claim based on damage caused by an exercise of police power. See *Bray v. Houston County*, 180 Ga. App. 166, 168

4

(348 SE2d 709) (1986) ("The safeguarding of society by the prosecution of crimes against it is a sovereign attribute inherent in all governments, and for mistakes in exercising this sovereign right there can be no liability against the government without its consent.") (citations omitted). Because the exercise of police power is distinct from the exercise of the power of eminent domain and does not fall within the waiver of sovereign immunity set forth in the Georgia Constitution's eminent domain provision, there is no evidence that Amica could introduce within the framework of its complaint that would allow it to avoid sovereign immunity and obtain relief from the County. Consequently, the trial court did not err in dismissing Amica's claim against the County. See *Common Cause/Ga. v. City of Atlanta*, 279 Ga. 480, 483 (614 SE2d 761) (2005).

*Judgment affirmed. Barnes, P. J., and McMillian, J., concur.*