**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**October 23, 2013**

# In the Court of Appeals of Georgia

A13A1454. BRAY v. DEPARTMENT OF TRANSPORTATION.

ANDREWS, Presiding Judge.

Emory H. Bray owns real property in Coweta County which was subject to a condemnation action in which part of the property was taken for public road improvements. Bray was compensated for the taking pursuant to the eminent domain provisions of the Georgia Constitution. This appeal involves Bray's subsequent "inverse condemnation" action in which he seeks additional compensation. In the subsequent action, Bray alleged: (1) that in June 2008, the City of Newnan filed a condemnation action by which it took part of his property for the purpose of road improvements designed and constructed by the Georgia Department of Transportation (DOT); and (2) that in June 2011, a judgment was entered in the condemnation action awarding him compensation for the taking and consequential damages to the

remaining property pursuant to Article I, Section III, Paragraph I of the Georgia Constitution. Bray's subsequent "inverse condemnation" action was filed in August 2012, named only the DOT as defendant, and sought, pursuant to the same constitutional eminent domain provisions, an award of additional consequential damages allegedly caused by the DOT's negligent construction of the road improvements. The trial court granted the DOT's motion to dismiss this action on the basis: (1) that Bray failed to comply with the ante litem notice provisions set forth in OCGA § 50-21-26 requiring that notice be given to the State as a prerequisite to any tort claim brought against the State pursuant to the Georgia Tort Claims Act (OCGA § 50-21-20 et seq.); and (2) that the action asserted professional engineering negligence and failed to comply with the provisions of OCGA § 9-11-9.1 requiring that the complaint be accompanied by an expert affidavit. Bray appeals from the order granting the motion and dismissing the action. For the following reasons, we affirm in part and reverse in part.

1. The June 2011 condemnation award was conclusive as to all damages to the remaining property, foreseen or not, resulting from *proper* construction of the road improvements. *Fulton County v. Woodside*, 223 Ga. 316, 319 (155 SE2d 404) (1967), overruled on other grounds, *Powell v. Ledbetter Bros.*, 251 Ga. 649 (307 SE2d 663)

(1983). In the August 2012 action alleging "inverse condemnation," Bray sought an award of additional damages to the remaining property caused by *negligent or improper* construction of the improvements performed by an agent or contractor of the condemnor in the course of the prior eminent domain project. Because Bray sought compensation for property negligently taken or damaged by the road improvements, he stated a cause of action under the constitutional eminent domain provisions not barred by the prior condemnation award for damages resulting from proper construction of the improvements. Id. at 320. Damage to remaining property caused by negligent or improper construction in the course of a prior eminent domain project may be recovered from the condemnor by a separate "inverse condemnation" proceeding, and the condemnor cannot escape the constitutional duty to compensate the property owner for the damage by claiming that the negligent party was an independent contractor rather than the condemnor's agent or employee. Id. at 320; *Butler v. Gwinnett County*, 223 Ga. App. 703, 704 (479 SE2d 11) (1996); *Wright v. Metropolitan Atlanta Rapid Transit Auth.*, 248 Ga. 372, 374-375 (283 SE2d 466) (1981).[1]

---

[1] Bray's "inverse condemnation" action alleged that the City of Newnan was the condemnor in the road improvement project, and that the DOT prepared the plans and constructed the improvements on behalf of the City. No issue is presented in this

2. The trial court erred by dismissing the "inverse condemnation" action against the DOT for failure to comply with notice provisions set forth in the Georgia Tort Claims Act (GTCA). The GTCA provides exceptions to a state agency's sovereign immunity protection subject to certain limitations. *Reidling v. City of Gainesville*, 280 Ga. App. 698, 701 (634 SE2d 862) (2006). But "[n]o sovereign immunity exists where a cause of action for inverse condemnation lies, because the Constitution itself affords the right." *Powell*, 251 Ga. at 651, overruled on other grounds, *David Allen Co. v. Benton*, 260 Ga. 557 (398 SE2d 191) (1990). The GTCA does not apply.

3. The trial court correctly dismissed the "inverse condemnation" action to the extent the complaint sought compensation under the constitution for damage to the remaining property based on allegations that professional engineering negligence caused the damage, but filed no supporting expert affidavit required by the provisions of the Civil Practice Act set forth in OCGA § 9-11-9.1. "[C]ondemnation proceedings essentially are civil actions," and "the Civil Practice Code applies to condemnation

_____

appeal as to whether the City, as condemnor, was a necessary party to the action, or whether the action properly named the DOT as the sole defendant. See 29 C. J. S. Eminent Domain § 588 (2013). We assume for purposes of this appeal that the "inverse condemnation" action was properly brought against the DOT.

4

proceedings, so long as such application does not conflict with the special statutory provisions prescribed for the State's exercise of its eminent domain powers." *Dept. of Transp. v. Woods*, 269 Ga. 53, 55 (494 SE2d 507) (1998); OCGA § 9-11-81. We find no conflict with application of OCGA § 9-11-9.1 of the Civil Practice Act to Bray's "inverse condemnation" action to the extent it seeks compensation based on allegations of professional engineering negligence.

An "inverse condemnation" action is brought under the eminent domain provisions of the Georgia Constitution "requiring the payment of compensation for the taking or damaging of private property for public purposes." *Woodside*, 223 Ga. at 319. Although the action is brought pursuant to the constitutional provisions, the constitutional right to compensation may be based on allegations of negligence, including professional negligence, which describe the manner in which the compensable damage was caused. *Richmond County v. Williams*, 109 Ga. App. 670, 674 (137 SE2d 343) (1964). Under OCGA § 9-11-9.1 (a), the Civil Practice Act imposes an initial pleading requirement on the plaintiff in a civil action which provides in relevant part that:

> In any action for damages alleging professional malpractice against any
> . . . legal entity alleged to be liable based upon the action or inaction of
> a professional licensed by the State of Georgia and listed in subsection

5

(g) of this Code section . . . the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim.

The list of licensed professionals set forth in subsection (g) of OCGA § 9-11-9.1 includes "[p]rofessional engineers." We conclude that, to the extent the "inverse condemnation" action sought compensation for damages to the property based on allegations of professional engineering negligence, Bray was required to file with the complaint the expert affidavit required by OCGA § 9-11-9.1. In the absence of the required affidavit, the trial court did not err in dismissing the complaint to the extent it sought compensation based on allegations of professional engineering negligence. OCGA § 9-11-9.1 (b).

We find, however, that the allegations of the complaint are so general that it may be liberally construed to claim damages based, not only on professional engineering negligence, but also on ordinary or other negligence not controlled by the expert affidavit requirements of OCGA § 9-11-9.1.

In determining, as a matter of law, whether the complaint alleged claims based on ordinary negligence, professional negligence, or both, we construe the complaint under the test applied to motions to dismiss for failure to state a claim in OCGA § 9-11-12 (b) (6). *Hardwick v. Atkins*, 278 Ga. App. 79-80 (628 SE2d 173) (2006). We look solely to the allegations of the complaint and liberally construe the allegations to

6

state a claim if, within the framework of the complaint, the plaintiff may introduce evidence which will sustain a grant of relief based on the claim. *Williams v. Alvista Healthcare Center*, 283 Ga. App. 613 (642 SE2d 232) (2007). We will conclude that the complaint does not allege a claim only if the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief on the claim under any state of provable facts. Id.

*Health Management Assoc. v. Bazemore*, 286 Ga. App. 285, 287 (648 SE2d 749) (2007). To the extent Bray could produce evidence in support of the damage claim based on allegations of ordinary or other negligence not controlled by OCGA § 9-11-9.1, the trial court erred in dismissing the complaint for failure to file the expert affidavit required by OCGA § 9-11-9.1.

*Judgment affirmed in part and reversed in part. Dillard and McMillian, JJ., concur.*