**THIRD DIVISION**
**ELLINGTON, P. J.,**
**MCFADDEN and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 17, 2016**

# In the Court of Appeals of Georgia

A15A2264. HUGHES v. THE CORNERSTONE INSPECTION
GROUP, INC.

McFADDEN, Judge.

Paul Hughes appeals from the trial court's order dismissing his action against The Cornerstone Inspection Group, Inc. ("Cornerstone") for failure to state a claim under OCGA § 9-11-12 (b) (6). He argues that the trial court erred in adopting as the trial court's order a proposed order submitted by Cornerstone and that the trial court erred in dismissing his action. Although we find no error in the trial court's adoption of the proposed order, we agree that the trial court erred in dismissing Hughes's action for failure to state a claim. Accordingly, we reverse.

1. *Adoption of proposed order.*

Hughes argues that we should reverse the trial court's order because the trial court adopted Cornerstone's proposed order as his final order. Our Supreme Court has made clear that a trial court's adoption of an order proposed by a party is not an independent ground for reversing the order. See *Fuller v. Fuller*, 279 Ga. 805, 806 (1) (621 SE2d 419) (2005). Nevertheless, "[w]e take this opportunity to reiterate that the practice of a trial court adopting orders prepared and presented by counsel is greatly disfavored by this [c]ourt." *CNL APF Partners v. Dept. of Transp.*, 307 Ga. App. 511, 514 n. 17 (3) (705 SE2d 862) (2010) (citation omitted).

2. *Dismissal for failure to state a claim.*

Hughes argues that the trial court erred in dismissing his action for failure to state a claim under OCGA § 9-11-12 (b) (6). "On appeal, a trial court's ruling on a motion to dismiss for failure to state a claim for which relief may be granted is reviewed de novo and the pleading challenged, i. e., the [complaint], is construed in favor of the party who filed it." *Northway v. Allen*, 291 Ga. 227, 229 (728 SE2d 624) (2012) (citation omitted). As our Supreme Court has explained,

> a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. If, within the framework of the complaint, evidence may be

2

introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient.

*Austin v. Clark*, 294 Ga. 773, 775 (755 SE2d 796) (2014) (citation and punctuation omitted).

Hughes filed his complaint on November 14, 2014. Therein, he alleged that he retained Cornerstone to perform an inspection of a residential property; that Cornerstone performed the inspection and provided him with an inspection report; that he purchased the residence in reliance on the inspection report; that he subsequently discovered several defects in the residence that Cornerstone had not identified in its inspection report; that Cornerstone's inspection was negligent and failed to meet professional standards; and that Cornerstone's negligence damaged him.

Cornerstone answered, alleging among other things that it performed the inspection pursuant to a contract with Hughes that contained a limitation provision barring the claim. Cornerstone attached a copy of the parties' contract to its answer. See OCGA § 9-11-10 (c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."). That document, which did not bear the parties' physical signatures but is purported to have been signed electronically,

3

included the following provision: "Any claim or legal action by Client [Hughes] against Inspector [Cornerstone] must be filed within one year after completion of the inspection of the Property by Inspector." Cornerstone alleged that it performed the inspection on May 22, 2013, more than one year before Hughes filed his action. (Cornerstone argues that a copy of the inspection report that Hughes attached to his complaint also contains this inspection date, but the date on that copy is illegible.)

Citing the contract's one-year limitation provision, Cornerstone moved to dismiss Hughes's action for failure to state a claim under OCGA § 9-11-12 (b) (6). Hughes filed a brief opposing the motion in which he challenged the enforceability of the contract and its limitation provision. He also filed a supporting affidavit in which he averred, among other things, that at the time of the alleged execution of the contract he had not been provided with a copy of it and had not been informed of its terms.

The trial court granted Cornerstone's motion to dismiss in an order prepared by Cornerstone's counsel. In that order, the trial court stated that in reaching his decision he had considered the contract attached to the answer but had not considered Hughes's affidavit because it was not properly admitted evidence.

4

Under these circumstances, the trial court erred in dismissing the action for failure to state a claim. Hughes alleged in his complaint that Cornerstone's negligence in conducting the home inspection proximately caused him harm. This stated a claim for negligent inspection of a home. See *Redding v. Tanner*, 231 Ga. App. 250 (498 SE2d 156) (1998). Hughes was not required in his complaint to anticipate and respond to the contractual limitation period defense asserted by Cornerstone. See *Speedway Motorsports v. Pinnacle Bank*, 315 Ga. App. 320, 323 (1) (727 SE2d 151) (2012). Cornerstone's averments in the answer regarding the enforceability of the contractual limitation provision stand denied, because Hughes did not and was not required to respond to the answer. See OCGA § 9-11-8 (d).

Nevertheless, in opposition to the motion to dismiss Hughes did challenge the validity and enforceability of the contract containing the provision that would bar his claim, and he presented affidavit evidence in support of his challenge. Contrary to the trial court's holding, Hughes properly presented the affidavit as evidence for the trial court's consideration when he filed it in support of his opposition to Cornerstone's motion to dismiss. Our Civil Practice Act and the Uniform Superior Court Rules make clear that affidavits are admissible forms of evidence that may be filed in opposition to motions. See, e.g., OCGA §§ 9-11-6 (d); 9-11-56 (c); Unif. Super. Ct.

5

R. 6.2. See also *Bays v. River Oaks Constr.*, 244 Ga. App. 401, 402 (1) (535 SE2d 543) (2000) (affidavit attached to defendant's supplemental brief in support of its motion to dismiss was evidence for court's consideration).

Hughes's challenge to the enforceability of the contract containing the limitation provision precludes dismissal of the action on the basis of that provision at this stage of the proceedings. As we explained in *Ga. Farm Bureau Mut. Ins. Co. v. Fowler*, 177 Ga. App. 834, 834 (341 SE2d 491) (1986),

> the typical case concerning contractual limitations or the waiver thereof appears before this court at a procedural stage where all possible factual issues have been put to rest. Under the [Civil Practice Act], a pleading should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. . . . [S]uch facts, if proved by evidence, would authorize a finding that . . . the limitation period [did not preclude the action].

Id. at 834-835 (citations, punctuation, and emphasis omitted). Dismissal is improper where "there conceivably could be evidence" to support a plaintiff's claims. *Austin v. Clark*, supra, 294 Ga. 775. Relevant "factual evidence which may or may not be developed during discovery . . . can be considered on a subsequent motion for summary judgment." Id.

6

Here, the facts set forth in Hughes's complaint, if true, would support a claim for negligent inspection, and Hughes has challenged the validity and enforceability of the contract containing the limitations provision that Cornerstone argues bars the claim. Under these circumstances, the trial court erred in dismissing the action.

*Judgment reversed. Ellington, P. J., concurs and Rickman, J., concurs in Division 2 and in the judgment only in Division 1.*