**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 10, 2020**

# In the Court of Appeals of Georgia

A20A0690. GEORGIA DEPARTMENT OF TRANSPORTATION
v. MIXON.

HODGES, Judge.

Cathy Mixon sued the Georgia Department of Transportation ("GDOT"), alleging continuing nuisance, inverse condemnation, and seeking attorney fees as a result of flooding on her property following a road-widening project. Mixon sought both financial compensation and an injunction. GDOT moved to dismiss on several grounds, which the trial court granted in part and denied in part. GDOT obtained a certificate of immediate review, and this Court granted its application for interlocutory appeal. GDOT now appeals, alleging that the trial court erred in (1) ruling that sovereign immunity is waived for Mixon's claim for injunctive relief; (2) ruling that sovereign immunity is waived for Mixon's nuisance claim; (3) ruling that

Mixon was not required to file an expert affidavit with her complaint pursuant to OCGA § 9-11-9.1; and (4) declining to determine whether Mixon's inverse condemnation claim is barred by the statute of limitation. For the following reasons, we affirm.

We review de novo both a trial court's ruling on a motion to dismiss on sovereign immunity grounds and for failure to state a claim pursuant to OCGA § 9-11-12 (b) (6). *Northway v. Allen*, 291 Ga. 227, 229 (728 SE2d 624) (2012); *James v. Georgia Dept. of Pub. Safety*, 337 Ga. App. 864, 865 (1) (789 SE2d 236) (2016). "In considering a motion for lack of subject matter jurisdiction based on sovereign immunity, a trial court is not confined to the allegations of the complaint, as the court would be if considering a motion to dismiss for failure to state a claim under OCGA § 9-11-12 (b) (6)." *James*, 337 Ga. App. at 867 (2). When reviewing a motion to dismiss for failure to state a claim, "the pleading being challenged . . . is construed in favor of the party who filed it." *Northway*, 291 Ga. at 229.

So viewed, the record shows that Mixon owns over 18 acres of land adjacent to Victory Drive in Ware County. GDOT widened that road by two lanes to become a four-lane road. Mixon contends that, prior to the project, water runoff went to the east side of the road but, following the construction and redesign of the road, water

2

runoff now flows to the west side of the road. The runoff now drains into a canal. Mixon states that, due to the slight drop of this canal, it is frequently blocked by beaver dams. As a result, Mixon contends that her property suffers from intermittent, but serious, flooding.

Mixon sued GDOT, alleging continuing nuisance and inverse condemnation, while also seeking attorney fees. In her prayer for relief, Mixon sought just and adequate compensation for the taking, other monetary damages, attorney fees, and a permanent injunction "to prevent future nuisance and continual trespass." GDOT moved to dismiss Mixon's claims due to sovereign immunity, the statute of limitation, and her failure to attach an expert affidavit to her complaint. The trial court granted GDOT's motion as to any professional negligence claims and for any claims arising more than 4 years prior to the filing of the complaint, but otherwise denied the motion.

1. GDOT contends that the trial court erred in failing to find that sovereign immunity barred Mixon's nuisance claim.[1] This enumeration provides nothing for review.

---

[1] "For convenience of discussion, we have taken the enumerated errors out of the order in which appellant has listed them . . ." *Foster v. Morrison*, 177 Ga. App. 250 (1) (339 SE2d 307) (1985).

3

Mixon pled her complaint in three counts: Count 1 - Continuing Nuisance, Count 2 - Inverse Condemnation, and Count 3 - Attorney Fees and Bad Faith. In reviewing the nature of Mixon's claims, however, the trial court interpreted her complaint as bringing a claim for inverse condemnation arising from GDOT's creation of a continuing nuisance, as opposed to bringing two distinct claims. Specifically, the trial court order stated "[r]eally, [Mixon's] Complaint alleges an unconstitutional taking (inverse condemnation) because of an alleged continuing nuisance."

Mixon does not challenge that characterization on appeal. Indeed, her brief demonstrates that the trial court's interpretation of the nature of her claims is accurate. In her brief, Mixon specifies that her "claims of Nuisance and Inverse Condemnation arise out of an unconstitutional taking of private property for public use . . . ." She argues that sovereign immunity does not preclude her from obtaining an injunction because her request for relief "rests in the Takings Clause of the Georgia Constitution." In explaining the nature of her claim, she states that she

> has alleged that the drainage problem GDOT created [sic] a continuing
> nuisance on [her] property [that] resulted in the property being
> delineated as wetlands and thus constitutes a taking. As such, there is no
> question that sovereign immunity is not only waived as to Mixon's

4

continuing nuisance claim, the Constitution requires that she be given just and adequate compensation for the taking that resulted from the continuing nuisance GDOT caused.

In sum, the trial court treated Mixon's complaint as being a claim for inverse condemnation resulting from GDOT's creation of a continuing nuisance. Mixon not only failed to challenge this treatment, she advocates that such is the accurate nature of her claim in her brief. Accordingly, Mixon has not brought a separate continuing nuisance claim that should be analyzed for purposes of sovereign immunity; rather, she has brought an inverse condemnation claim arising out of an alleged nuisance to which sovereign immunity is inapplicable. See *Georgia Dept. of Nat. Res. v. Center for a Sustainable Coast*, 294 Ga. 593, 600 (2) (755 SE2d 184) (2014) (recognizing that "the 'nuisance exception' [to sovereign immunity] . . . was not an exception at all, but instead, a proper recognition that the Constitution itself requires just compensation for takings and cannot, therefore, be understood to afford immunity in such cases."); *Bray v. Dept. of Transp.*, 324 Ga. App. 315, 317 (2) (750 SE2d 391) (2013) ("[N]o sovereign immunity exists where a cause of action for inverse condemnation lies, because the Constitution itself affords the right.") (citation omitted). Accordingly, this enumeration provides nothing for us to review.

5

2. GDOT contends that the trial court erred in declining to determine whether Mixon's claim for inverse condemnation is barred by the four-year statute of limitation. We find no error.

As stated above, a claim for inverse condemnation does not implicate sovereign immunity, and thus GDOT's motion to dismiss the inverse condemnation claim was necessarily made pursuant to OCGA § 9-11-12 (b) (6) for failure to state a claim upon which relief can be granted. See *Petree v. Dept. of Transp.*, 340 Ga. App. 694, 704 (3) (a) (798 SE2d 482) (2017) ("A statute of limitation defense goes to the merits of the claim, and is therefore subject to a motion to dismiss under OCGA § 9-11-12 (b) (6)"). "Accordingly, in deciding [this portion of GDOT's] motion, the trial court could not consider anything other than the pleadings themselves. Specifically, the trial court could consider only the answer, the complaint, and documents attached to either the answer or the complaint and explicitly incorporated therein by reference." (Citation omitted.) Id. at 698 (1).

> [A] motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of [her] claim. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient.

6

*Hughes v. Cornerstone Inspection Group*, 336 Ga. App. 283, 284 (2) (784 SE2d 116) (2016).

GDOT is correct that "[i]nverse condemnation claims based on . . . nuisance are subject to a four[-]year statute of limitation." *Petree*, 340 Ga. App. at 703 (3) (a).

> The classification of a nuisance as continuing or permanent directly controls the manner in which the statute of limitation[] will be applied to the underlying claim. A nuisance, permanent and continuing in its character, the destruction or damage being at once complete upon the completion of the act by which the nuisance is created, gives but one right of action, which accrues immediately upon the creation of the nuisance, and against which the statute of limitation[] begins, from that time, to run. Where a nuisance is not permanent in its character, but is one which can and should be abated by the person erecting or maintaining it, every continuance of the nuisance is a fresh nuisance for which a fresh action will lie. This action accrues at the time of such continuance, and against it the statute of limitation[] runs only from the time of such accrual.

(Citations and punctuation omitted.) *Liberty County v. Eller*, 327 Ga. App. 770, 772-773 (2) (761 SE2d 164) (2014).[2]

---

[2] GDOT contends in its reply brief that the statute began to run on the "date of stabilization," relying on *Hulsey v. Dept. of Transp.*, 230 Ga. App. 763 (498 SE2d 122) (1998). That case, however, does not concern the statute of limitation; instead, it concerns establishing the date of the taking for purposes of establishing "the

Given that this portion of GDOT's motion was brought pursuant to OCGA § 9-11-12 (b) (6), the trial court was correct not to look at anything outside the pleadings in determining whether the statute of limitation bars Mixon's claim. GDOT accurately points out that attached to Mixon's complaint is a letter indicating that she was aware of flooding issues by at least 2013, which is more than four years before she filed her complaint in 2018. Accordingly, to the extent the nuisance complained of is permanent in nature, Mixon's claims may be barred by the statute of limitation. See *City of Atlanta v. Kleber*, 285 Ga. 413, 416-417 (1) (677 SE2d 134) (2009) ("To the extent that the homeowners complain that the mere presence [of the culvert and pipe] creates a nuisance due to improper installation, their nuisance claim is permanent in nature and is presently barred by the statute of limitation[].").

Among Mixon's allegations, however, is a claim that GDOT consistently failed "to make needed and necessary repairs to prevent storm water run-off from creating continuous and regularly repetitious flooding, drainage and erosion problems to damage [Mixon's] property." This asserts a claim for a continuing nuisance based on improper maintenance or repair, which would not necessarily be barred by the statute

---

effective date for determining the amount of just and adequate compensation." Id. at 765 (2).

8

of limitation. See *Kleber*, 285 Ga. at 417 (1) ("[T]o the extent that the homeowners contend that the culvert and drainage pipe have not been properly maintained, their nuisance claim is continuing in nature. They are, therefore, allowed to contend that Norfolk's maintenance of the culvert and pipe within the four years preceding their lawsuit created a nuisance.") (emphasis omitted).[3] Accordingly, at this phase, it is not certain that Mixon would not be entitled to relief under any state of facts which could be proved in support of her claim, and the trial court did not err in failing to dismiss Mixon's inverse condemnation claim for failure to state a claim.

3. GDOT contends that the trial court erred in ruling that sovereign immunity has been waived for Mixon's claim for injunctive relief because she failed to identify a statute which waived it. We find no error.

As discussed in greater detail in Division 1, sovereign immunity does not apply to Mixon's claim for inverse condemnation arising out of a nuisance. Accordingly,

---

[3] GDOT contends that Mixon's maintenance complaint concerns the canal which gets blocked by beaver dams, and that the canal is owned and maintained by Ware County. If true, this could possibly prove fatal to Mixon's claim on a motion for summary judgment. However, we are reviewing this case on a motion to dismiss pursuant to OCGA § 9-11-12 (b) (6), and thus we are limited to review of the allegations contained in the pleadings in the light most favorable to Mixon. *Northway*, 291 Ga. at 229. The ownership of and maintenance responsibilities for the canal are not issues which are discernable from the pleadings before us.

9

the trial court did not err in refusing to apply the doctrine of sovereign immunity to dismiss Mixon's claim for injunctive relief.

This does not necessarily mean that Mixon is entitled to pursue injunctive relief. However, sovereign immunity was the sole basis of GDOT's motion in the trial court to dismiss the prayer for injunctive relief.

> Our appellate courts are courts for the correction of errors of law committed in the trial court. Routinely, this Court refuses to review issues not raised in the trial court. To consider the case on a completely different basis from that presented below would be contrary to the line of cases holding, "He must stand or fall upon the position taken in the trial court." Fairness to the trial court and to the parties demands that legal issues be asserted in the trial court. Although under the "right for any reason" rule this court will affirm the correct ruling of a trial court on grounds not addressed below, we do not apply a "wrong for any reason" rule to reverse incorrect rulings on issues not raised or ruled upon in the trial court.

(Citation and punctuation omitted.) *Lowery v. Atlanta Heart Assocs., P.C.*, 266 Ga. App. 402, 404 (2) (597 SE2d 494) (2004). Moreover, "our right-for-any-reason rule applies only when the movant raised the issue in the trial court and the nonmovant had a fair opportunity to respond." (Citation and punctuation omitted.) *CMGRP, Inc. v. Gallant*, 343 Ga. App. 91, 94 (1) (806 SE2d 16) (2017). Accordingly, we will not

10

address and we express no opinion on GDOT's argument, raised for the first time in its reply brief, that injunctive relief is not a remedy available to a party pursuing a claim of inverse condemnation.

4. Lastly, GDOT contends that the trial court erred in ruling that Mixon was not required to file an expert affidavit with her complaint. We find no error.

As stated above, Mixon's claim is for inverse condemnation premised on a continuing nuisance, not negligence. "A nuisance is anything that causes hurt, inconvenience, or damage to another and the fact that the act done may otherwise be lawful shall not keep it from being a nuisance." OCGA § 41-1-1. Accordingly, Mixon need not establish that GDOT engaged in any negligence, professional or ordinary, to prevail. See *Bainbridge Power Co. v. Ivey*, 38 Ga. App. 586 (144 SE 825) (1928) ("Liability for damages arising as a result of the maintenance of a nuisance is not dependent upon the existence of negligence upon the part of the person performing the act which constitutes the nuisance. It is therefore no defense, in a suit to recover damages resulting from a nuisance . . . , that the defendant was not negligent . . . ."); *City of Macon v. Roy*, 34 Ga. App. 603, 606 (b) (130 SE 700) (1925) ("The cause of action was not planted upon the law of negligence. An action for damage from the maintenance of a nuisance is predicated upon an altogether different theory.

11

Negligence is not even a necessary ingredient of a cause of action growing out of a nuisance. A nuisance may arise through acts and conduct done within the pale of the law and executed with due care; and yet if the result attained injures the property or individual rights of another by causing a nuisance, the maintainer must either abate the same or else respond in damages.").

Consequently, the requirement of OCGA § 9-11-9.1 to file an expert affidavit when a claim alleges damages for professional negligence is inapposite here. Mixon still must prove the element of causation, and GDOT is correct that proving causation may require expert testimony, but that does not convert Mixon's inverse condemnation claim premised on nuisance into a claim for professional negligence. See *Bord v. Hillman*, 335 Ga. App. 18, 21 (1) (780 SE2d 725) (2015) ("To recover under a nuisance claim, the plaintiff must show the existence of the nuisance complained of, that he or she has suffered injury, and that the injury complained of was caused by the alleged nuisance.") (citation and punctuation omitted).[4]

*Judgment affirmed. McFadden, C. J., and Doyle, P. J., concur.*

---

[4] GDOT's reliance on *Bray*, 324 Ga. App. at 317, is misplaced. In that case, the plaintiff brought claims of professional and ordinary negligence concerning the design and maintenance of the roadway, not a claim for nuisance.